## CUSTISS v. THE GEORGETOWN AND ALEXANDRIA TURNPIKE COMPANY.

ERROR to the circuit court for the district of Columbia, sitting at Alexandria, which had quashed an inquisition taken by the marshal condemning land of Mr. Custiss for a turnpike road.

The inquisition was taken under the 7th section of the act of congress of the 3d of March, 1809, "to authorize the making of a turnpike road from Mason's causey to Alexandria," *vol.* 9. *p.* 276. which provides, that it shall be lawful for the president and directors of the turnpike company to agree with the owners of any ground to be occupied by the road and the necessary toll-houses and gates, for the right thereof; and, in case of disagreement, "on application to one of the judges of the circuit court, he shall issue a warrant directed to the marshal of the district to summon a jury of 24 inhabitants of the district of Columbia, of property and reputation, not related to the parties, nor in any manner interested, to meet on the land to be valued, at a day to be expressed in the warrant, not less than ten nor more than twenty thereafter; and the marshal, upon receiving the said warrant shall forthwith summon

An appeal lies to the supreme court from an order of the circuit court of the district of Columbia, quashing an inquisition in the nature of a writ *ad quod damnum.*

The circuit court for the district of Columbia has no jurisdiction, upon motion, to quash an inquisition taken under the act "to authorize the making of a turnpike road from Mason's causey to Alexandria."

the said jury, and when met, provided there be not less than twelve, shall administer an oath or affirmation to every juryman that shall appear, that he shall faithfully, justly, and impartially value the lands, and all damages the owner thereof shall sustain, by opening the road through such land, according to the best of his skill and judgment; and that the inquisition thereupon taken shall be signed by the marshal and the jurymen present, and returned by the marshal to the clerk of the county, to be by him recorded; and upon every such valuation the jury is hereby directed to describe and ascertain the bounds of the land by them valued, and their valuation shall be conclusive upon all persons; and shall be paid by the president and directors to the owner of the land, or his or her legal representatives; and on payment thereof, the said land shall be taken and occupied for a public road, and for the necessary toll-houses and gates for ever "

On the application of the president and directors of the company, a warrant was granted, and an inquisition taken and returned to the clerk. Before it was recorded, the president and directors obtained from the circuit court of the district of Columbia, sitting at Alexandria, a rule upon Mr. Custiss to show cause why the inquisition should not be quashed. Mr. Custiss appeared and objected to the jurisdiction of the court, but the court overruled the objection, and, upon hearing, quashed the inquest.

From this order Mr. Custiss appealed to this court.

*E. J. Lee*, for the appellant.

The circuit court had no jurisdiction of the case upon motion. No such jurisdiction is given by the act of congress. It directs the marshal to return the inquisition to the *office of the clerk*, to be by him recorded. The remedy, if any exists, is by bill in equity. This was an application to the court as a court of law. Even the court itself, in recording deeds, acts in a ministerial capacity. 2 *Hen. & Munf.* 132. 135. 1 *W. Bl.* 605. *Rex* v. *Justices of Derbyshire.* 6 *Term Rep.* 88.

*F. S. Key*, and *C. Lee*, contra.

The court must of necessity possess a power and control over its own record. Suppose the clerk should refuse to record the inquisition; or suppose he is about to record an irregular and informal inquisition, will not the court control him ? Such a jurisdiction is exercised by the courts in England without the authority of any statute.

The case from Hening & Munford only decides that the court could not inquire into the right of the party to make the deed, or to inquire into the title or contending claims. But the court must see whether it be a deed or not; whether it be proved by the proper number of witnesses, and whether it be sealed.

The clerk of the court could not put any thing upon record without the authority of the court.

This court cannot correct the error, if it be one. No writ of error will lie in such a case. This court can correct only error in law, and this, if it be an error, is an error in fact.

### March 5.

MARSHALL, Ch. J. delivered the opinion of the court as follows :

At the opening of this case, some doubt was entertained respecting the jurisdiction of the supreme court, but that doubt is removed by an inspection of the act by which the circuit court of the district of Columbia is constituted. The words of that act, descriptive of the appellate jurisdiction of this court, are more ample than those employed in the judicial act. They are, that " any final judgment, order or decree in said circuit court, wherein the matter in dispute, exclusive of costs, shall exceed the value of 100 dollars, may be re-examined and reversed or affirmed in the supreme court.

The jurisdiction of this court being admitted, the proceedings of the circuit court, in ordering the inqui-

sition taken between these parties to be quashed, comes on to be examined.

The first objection to this proceeding is, that the court of Alexandria could take no cognisance of the subject, by way of motion.

The validity of this objection depends entirely on the act of congress, under which this inquisition was taken. If it was to be recorded by order of the court, if the judgment of the court was, in any manner, to be exercised upon it, then, in all which has been done, the court has exercised its jurisdiction, and the inquiry will be whether there was sufficient cause for refusing to permit the inquisition to be recorded. If, on the other hand, the clerk was a mere ministerial officer directed, by law, to perform a ministerial act, without any superintending agency, on the part of the court, then the court could not, upon motion, prohibit the clerk to perform his duty, and could not legitimately quash the inquisition.

The act of congress directs "that the inquisition, when taken, shall be signed by the marshal and by the jurymen present, and returned by the marshal to the clerk of the county, to be by him recorded."

That the legislature may direct the clerk of a court to perform a specified service, without making his act the act of the court, will not be controverted: and, if this may be done, it is difficult to conceive words which convey this idea more clearly than those which are employed in this act.

The inquisition is not returnable to the court, but to the clerk. It is not to be recorded by order of the court, but is to be recorded by the clerk, on receiving it from the marshal. It does not derive its validity from being recorded, but remains afterwards liable to all the objections which might be taken to it, previous thereto. If, for example, an inquisition should be recorded which was found by eleven jurors, that inquisition would neither vest the land in the company, nor give a right to

the former proprietor to demand the money to which it was valued. The inquisition, then, is to be recorded solely for preservation, and the act of recording is a ministerial act which the law directs the clerk to perform, without submitting the paper to the judgment of the court. The law asks not the intervention of the court, and requires no exercise of judicial functions.

The difference between this act and those, the execution of which is superintended by the court, is apparent. In those cases, the instrument is to be brought into court, and acted upon by the court: in this it is to be delivered to the clerk at any time, and acted on by him without the intervention of the court.

This court is unanimously of opinion that the circuit court for the county of Alexandria could not legally entertain the motion for quashing the inquisition found in this case, nor legally prevent their clerk from recording it. Their judgment, therefore, is reversed, and the motion to be dismissed.