LAIDLER's Adm'x. *vs* THE STATE, use of HAWKINS.—June, 1828.

In an action of debt on a bond with a collateral condition, in which there were no pleadings but the declaration, the parties filed an agreement designed to supply their place, which was so defective as to be wholly insufficient for that purpose. The jury rendered a verdict for the plaintiff, and the county court entered judgment in conformity. On appeal the judgment was reversed, and a *procedendo* awarded.

To sustain a judgment on such a bond, obtained on verdict, by default, on *nil dicit,* a case stated or by confession, not ascertaining the sum on payment of which the penalty of the bond is to be released, the replication must set out a cause of action; or it must appear on the roll, with sufficient certainty, by way of assignment of breaches.

Judgments not resting *wholly* on confession, will be reversed for want of pleading in due form.

In a suit by a creditor upon a testamentary bond, the proceedings should disclose a compliance with the act of 1720, *ch.* 24.

In an action upon a contract to pay in tobacco, the jury may give damages in money.

APPEAL from *Charles* County Court. This was an action of debt, brought the 20th of May 1818, against *Elizabeth B. Laidler,* (the intestate of the now appellant,) on a bond executed to the state on the 23d of November 1815, by her, as executrix of *John Laidler,* with *Catharine C. Laidler* and *Mary Ann Laidler,* as her sureties. The case was continued for several terms under a rule on the defendant to answer the declaration; and at August term 1819, *Francis W. Hawkins,* at whose in-

stance and for whose use the action was brought, filed in court an account between him and *John Laidler*, deceased, charging him in 1805 and 1806, with the hire of a negro slave for two years, amounting to 1924 lbs. of net tobacco, of new inspection, which he had sworn to on the 8th of May 1816, before a justice of the peace; and also proved by a witness before another justice of the peace, on the 25th of November 1817, that he, the witness, sometime in March 1816, called on the executrix of *J. Laidler*, for payment of the account, when she observed that if he would have it proved and passed by the orphans court it should be paid.    Proof was also made at the same time by the said witness, that the negro slave, whose hire was charged in the account, had been hired to the deceased, who frequently said he was indebted for the hire, &c.    This account was passed by the orphans court.    The parties entered into an agreement, which was signed by their counsel, which, after stating the action, was as follows:  "Debt—Performance—Replication for tobacco due from the defendant's intestate; and *insimul computasset* as administratrix, and promise by administratrix to pay. Rejoinder, *non assumpsit*, and *non assumpsit infra tres annos*. General surrejoinder, and issue."

At the trial, (August term 1819,) the plaintiff proved that the defendant's testator was indebted to *Francis W. Hawkins*, (at whose instance and for whose use the action was brought,) in a quantity of tobacco.    And further proved that the defendant had afterwards, in the year 1816, promised to pay the said tobacco debt.    It was further proved in evidence that the tobacco was of a very low price at the time the debt was contracted. The defendant then prayed the court, and their instruction to the jury, that the plaintiff, under the pleadings in the cause, could not have a verdict in tobacco; but that the same must be commuted into money.    But the Court, [*Plater*, A. J.] refused to give such instruction, but did instruct the jury that the plaintiff was entitled to recover tobacco, and that the jury could not commute the debt, under the pleadings in the case. The defendant excepted.    Verdict for the plaintiff, and the quantity of 3900 pounds of tobacco found to be due from the defendant's testator to the said *Hawkins*.    Judgment being

rendered on the verdict for the penalty of the bond, (the debt declared for,) to be released on payment of the said quantity of 3900 pounds of tobacco, with interest thereon from the 20th of August 1819, and costs, the defendant appealed to this court, where her death being suggested, &c. the present appellant appeared as her administratrix to prosecute the appeal.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, ARCHER, and DORSEY, J.

*Ashton*, for the Appellant, insisted, 1. That it did not appear by the record that any suit had been brought against the executrix, or that any other proceedings were had against her before this suit was brought upon the testamentary bond. The act of assembly. 1720, *ch.* 24, expressly provides that no suit shall be instituted by a creditor of the deceased upon an administration or testamentary bond, for any debt, &c. before a *non est inventus* on a *capias ad respondendum* be returned against the executor or administrator, or a *fieri facias* returned *nulla bona;* or it be made otherwise manifestly to appear to the court, that it would be useless and nugatory to proceed against the administrator or executor for the recovery of the debt. It should, therefore, always be made appear on the record, by the party prosecuting an administration or testamentary bond, that the preliminary steps have been taken against the administrator or executor, or that proceeding would be nugatory.

2. There was no replication assigning breaches of the condition of the bond, nor any other assignment of breaches, in consequence of which, according to the decision in the cases of *Brent and others v Davis*, 10 *Wheat.* 395, and *The Corporation of Washington v Young*, *Ib.* 406, rendered it impossible for the court to know what judgment should be entered.

3. The agreement of the counsel as to the pleadings is so defective in substance and form, and sets out the pleadings so obscurely, as to render it impossible to plead the judgment, with effect, to a new action brought to recover the same debt.

4. The court below erred in refusing to grant the prayer of the defendant below on the subject of the jury's commuting the tobacco into money, which is contrary to the decision of this court in *Lyles v Lyles*, 6 *Harr. & Johns.* 273.

No Counsel argued for the Appellee.

DORSEY, J. delivered the opinion of the Court.    The judgment of the county court must be reversed on various grounds. In the first place, the suit appears to have been brought by a creditor upon a testamentary bond, without showing any such justification for this proceeding, as is required by the act of 1720, ch. 24.

In the next place there are no pleadings in the cause, which could warrant the court in rendering the judgment they have given.    The agreement filed, which was designed to supply the want of regular pleadings, is so informal, uncertain and defective, as to be wholly insufficient for that purpose.    To sustain a judgment on a testamentary, or any other bond with a collateral condition, obtained on verdict, by default, on nil dicit, a case stated, or by confession, not ascertaining the sum on payment of which the penalty of the bond is to be released, the replication must set out a cause of action; or it must appear on the roll with sufficient certainty by way of assignment of breaches.    The filing the account, which is set forth in the transcript, forms not any portion of the pleadings in the case; nor does it properly constitute any material part of the record. It can then furnish no aid to the equitable plaintiff, by which he can extricate himself from the incurable objection to his proceedings, which set forth, neither the nature nor amount of the claim, for the recovery of which his suit was instituted.    That judgments, not resting wholly on confession, will be reversed for want of pleadings made out in due form, has been so frequently decided in this, and the former court of appeals, that to sustain such a position, a reference to decisions is no longer necessary.

There was error also in the opinion of the county court instructing the jury that the plaintiff was entitled to recover tobacco, and that the jury were not at liberty to give their damages in money.    For the reasons before stated, the plaintiff below could not have obtained a judgment for any thing; but if the pleadings in the cause would have sustained any judgment at all, as settled by this court in Lyles v Lyles' Ex'rs. 6 Harr. & Johns. 273, it was competent for the jury to have given their damages in money instead of tobacco.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.