### RAILROAD COMPANY *v.* CHURCH.

1. A writ of error lies from this court to the Supreme Court of the District of Columbia on a judgment confirming an assessment for damages by the use of the street in front of the church of defendants in error, although the proceedings before the jury and the marshal, and in the Supreme Court, are governed by a statute of Maryland, which, by the construction of the courts of that State, does not allow an appeal or writ of error.
2. The early decisions of this court held that the right to the writ exists in such cases by virtue of the appellate power of this court as defined in the act of 1801, creating the Circuit Court of the District; and we are governed by the same act.

ERROR to the Supreme Court of the District of Columbia.

The trustees of the Sixth Presbyterian Church, in the city of Washington, instituted proceedings before the marshal and a jury of the District of Columbia against the Baltimore and Potomac Railroad Company, to recover from it damages which the church had sustained by reason of the road of the company having been run through a street in front of their church. The jury assessed the damages at $11,500, and on the return of this inquest into the Supreme Court of the District of Columbia, the inquisition was confirmed, and a judgment rendered that the trustees of the church recover of the railroad company that sum, with costs. The company having brought the case to this court on writ of error, a motion was now made by the trustees of the church to dismiss it for want of jurisdiction in this court.

This want of jurisdiction was based on two propositions:

1. That the proceeding is in its nature summary and special, and is of that character in which the action of the court confirming or quashing the verdict of the jury is conclusive, and admits of no appeal.

2. That the proceeding in this case is governed, both before the jury and in the Supreme Court of the District, by a statute of Maryland, which, by the uniform construction of the courts of that State, does not allow an appeal or writ of error to any other court.

*Messrs. J. A. Garfield and R. D. Mussey, in support of the motion; Messrs. D. Clarke and S. T. Phillips, contra.*

Mr. Justice MILLER delivered the opinion of the court.

It is certainly true that the proceeding is of the character asserted in the propositions on which the want of jurisdiction is based, and that, as a general rule, no appeal or writ of error lies in this class of cases.

But the appellate jurisdiction of this court over the doings of the Supreme Court of the District is established and regulated by act of Congress, and a reference to the statutes on this subject is necessary to the decision of the question before us. The act which created the Supreme Court of the District of Columbia vested in it the same powers and jurisdiction that had previously belonged to the Circuit Court, which it superseded, and the appellate power of *this* court was declared to be the same as that which it had, by law, over the Circuit Court. The act of February 27th, 1801, organizing the Circuit Court, declares that any final judgment, order, or decree in said Circuit Court, where the matter in dispute, exclusive of costs, shall exceed the value of one hundred dollars, may be re-examined and reversed or affirmed in the Supreme Court of the United States by writ of error or appeal, and though the sum limiting this jurisdiction has been increased to $1000, this statute remains the sole rule governing the right of appeal in all other respects.

We are of opinion that both the questions raised by the motion to dismiss have been explicitly decided by this court.

In the case of *Custiss* v. *Turnpike Company*,* an assessment for land taken for the use of the company was quashed by the Circuit Court, and a writ of error was sued out by Custiss from this court. A motion was made to dismiss this writ on the same ground taken in the present case, namely, want of jurisdiction; to which Marshall, C. J., replied, that "at the opening of the case some doubt was entertained as to the jurisdiction of the Supreme Court; but that doubt is removed by an inspection of the act by which the Circuit Court of the District of Columbia is constituted. The words of that act, descriptive of the appellate jurisdiction of this court, are more ample than those employed in the judicial act." He then quotes them as we have given them above.

So in the case of *Young* v. *The Bank of Alexandria*,† the court uses this emphatic language in regard to the same statute: "The words of the act of Congress, being as explicit as language can furnish, must comprehend every case not completely excepted from them."

It is to be observed also that in this latter case the rights of the bank and the jurisdiction of the court over it were said in argument to be controlled by an act of the legislature of Virginia. But the court held that whatever might be the extent to which that statute affected the rights of the parties, the appellate jurisdiction of the Supreme Court depended solely on the act already quoted.

But perhaps the most conclusive case in this branch of the discussion, namely, the proposition that the statute of Maryland governs the right of appeal in the present case, because by the act of Congress it is adopted as the mode of proceeding in assessing damages and in defining the power of the Supreme Court of the District in the matter, is that of *Carter's Heirs* v. *Cutting*.‡ That was a case in which an order of the Orphans' Court of Alexandria County, being affirmed in the Circuit Court, an appeal was taken to this court, and a motion was made to dismiss that appeal. This

---

* 6 Cranch, 233.          † 4 Id. 384.          ‡ 8 Id. 251.

motion was based upon the twelfth section of the same act of February 27th, 1801, by which it was declared that the Circuit Court, in appeals from the Orphans' Court, shall therein have all the power of the chancellor of the State of Maryland; and by the laws of Maryland the decree of the chancellor in such case was final.

It will be observed that the analogy between that case and the present is perfect. But the court said in that case that the conclusiveness of the sentence formed no part of the essence of the powers of the court. Its powers to act are as ample, independent of their final quality, as with it. And referring to the language so often cited already, they say : "We cannot admit that construction to be a sound one which seeks by remote inferences to withdraw a case from the general provisions of a statute which is clearly within its words and perfectly consistent with its intent."

We do not feel at liberty to disregard these contemporaneous expositions of an act of Congress which has furnished the criterion of our jurisdiction ever since the courts of the District were established, and they are so directly in point that we cannot dismiss the writ without overruling them. The motion is, therefore,

DENIED.