## THE STATE OF MARYLAND, For the Use of FREDERICK MERTENS et al., vs. VIRGINIA B. MOORE, et al.

*Executors and Administrators—When Creditor of Decedent May Sue on Administrator's Bond.*

Code, Art. 93, sec. 100, provides that an administrator shall pay each creditor of the estate his just proportion of the money in his hands within thirteen months from the date of his letters, or within such further time as may be allowed by the Orphans' Court, and upon failure to do so his administration bond may be put in suit. Section 104 provides that no creditor shall bring a suit upon an administration bond for any debt due from the decedent before a *non est* on a summons is returned against the administrator, or a *fieri facias* is returned *nulla bona*, or there be such other apparent insolvency or insufficiency of the estate of the administrator as shall in the judgment of the Court render the creditor remediless by any other means save that of suing such bond. *Held*, that, although an administrator has passed in the Orphans' Court an account by which a certain sum was stated to be due and payable to the plaintiff, as creditor of the decedent, the plaintiff cannot sue on the administrator's bond until the conditions specified in section 104 have been complied with, or until the insolvency or insufficiency of the estate of the administrator be shown to the Court.

*Decided November 14th, 1908.*

Appeal from the Circuit Court for Washington County (Keedy, J.)

The cause was argued before Boyd, C. J., Briscoe, Pearce, Schmucker, Burke, Thomas and Worthington, JJ.

*J. Augustine Mason*, for the appellant.

*Albert J. Long*, for the appellees.

Burke, J., delivered the opinion of the Court.

Suit was brought in the Circuit Court for Washington County by certain creditors against the administration bond

given by Virginia B. Moore, the administratrix of the personal estate of J. Jesse Moore, deceased. An account was stated and filed by her, as such administratrix, in the Orphans' Court for that county, by which it appeared that certain sums of money, stated in the declaration, were due and payable to the plaintiffs as creditors of said deceased. This account was approved and passed by the Court. The declaration alleges that it was the duty of the administratrix, after the account had been stated and approved, to pay the plaintiffs the several sums of money therein distributed to them. The breach of the bond set forth in the *narr* is alleged to be the failure and neglect of the administratrix to pay to the plaintiffs the amounts distributed to them by the account. The Court, upon demurrer, filed by the defendants, held the declaration bad. There was no judgement entered on the demurrer; but a written agreement has been filed to the effect that the order of the lower Court sustaining the demurrer shall be treated, for the purpose of the appeal, as a final judgment.

The legal question raised on the record is a narrow one, and presents, we think, little difficulty. Its solution depends upon the true construction of sections 100 and 104 of Article 93 of the Code of 1904. Section 100 of that Article provides: "An administrator shall discharge all just claims known to him, and pay each claimant his just proportion of the money then in his hands (retaining as herein directed), within thirteen months from the date of his letters, or within such further time, not exceeding four months longer, as shall be allowed by the Orphans' Court, on his making oath that he hath reason to apprehend that the personal estate and assets which are or shall be in his hands will be insufficient to discharge the just debts of and claims against the deceased; it shall likewise be his duty, once in every term of six months, after the first distribution, to make a distribution of the money which hath since come to his hands, until he shall have fully administered, and on failure, his administration bond may be put in suit." Section 104 declares: "No creditor shall bring a suit upon an administration or testamentary bond for any debt or damages due

from or recovered against the decedent before a *non est* on a summons is returned against the administrator, or a *fieri facias* returned *nulla bona* by the Sheriff of the county where the administration was granted, or where the effects of such deceased lie, or such other apparent insolvency or insufficiency of the estate of such administrator as shall, in the judgment of the Court, render such creditor remediless by any other reasonable means save that of suing such bond."

The proposition asserted by the plaintiffs is that, after the amounts due them had been ascertained by the account filed by the administratrix, they had a right to proceed directly against the bond under section 100, and that section 104 does not apply to cases where the claim of the creditor has been ascertained or established. The position of the defendants is that no creditor, no matter whether his claim is established or not, can bring suit upon an administration bond until the conditions specified in section 104 have been complied with, or until the apparent insolvency, or insufficiency of the estate of the administrator shall be shown to the Court. If the position of the defendants be sound, it must be admitted that the declaration was insufficient, as it does not show a compliance with those conditions, or the existence of the facts specified in section 104. By the express terms of that section the conditions therein mentioned must be complied with, or the fact of the apparent insolvency or insufficiency of the estate of the administrator must be shown before a suit can be brought upon the bond.

The language of section 100 is sufficiently broad and comprehensive to authorize the bringing of the suit upon the bond; but the general terms of the section must be held to be limited by section 104. Both sections being in *pari materia* must, if possible, be given a harmonious construction, and each must be given the meaning and effect intended. Reading them together it seems clear that the Legislature intended to prohibit suits by creditors upon administration and testamentary bonds until the conditions mentioned in section 104 had been first complied with. By section 104 suits by creditors upon those

bonds are taken out of the operation of the general principle declared in section 100, leaving the general rule therein stated to govern in all cases coming within it. This interpretation is in accordance with the familiar rule of statutory construction "that when a general intention is expressed in a statute, and the Act also expresses a particular intention, incompatible with the general intention, the particular intention is to be considered in the nature of an exception." *Dwarris on Statutes*, 765.

Section 104 is a codification of the substantial provisions of the Act of 1720, ch. 24, sec. 2, as amended by the Act of 1838, ch. 329. In *Laidler's Admr.* v. *State, use of Hawkins*, 2 H. & G. 277, which was a suit by a creditor upon a testamentary bond, it was held that the proceedings must disclose a compliance with the Act. In *Dorsey* v. *The State*, 4 G. & J. 472, where a suit has been brought by a creditor against an administration bond, it was held that a creditor could not bring a suit upon the testamentary or administration bond before one or the other of the requisites mentioned in the Act of 1720 had occurred. CHIEF JUDGE BUCHANAN, after quoting the provisions of sec. 2 of that Act, speaks as follows: "And as, to entitle a creditor to bring suit on a testamentary or administration bond one or the other of the requisites must have occurred before the bringing of the suit, it is incumbent upon the plaintiff to aver it in his declaration, otherwise he does not show that which is a prerequisite to his title to sue, and without which he cannot be *rectus in curia*. It is just as necessary as an averment of performance of a condition precedent is in a declaration in an action of covenant. A plaintiff must in his declaration show himself entitled to sue by showing that which alone gives the right, otherwise he does not show himself entitled to recover." The same principle was announced in *State, use of Sprigg*, v. *Jones et al.*, 8 Md. 88. After carefully considering the Act of 1720 it was there held that the purpose of the Act was *to make the principal pay instead of the surety.* That "it was passed, to use its language, to do away with 'a *most oppressive* and *pernicious* practice;' in other words, to prevent the property of sureties being taken

to satisfy the debts of the principal, when such principal has sufficient property to satisfy it."

The contention of the plaintiffs that section 104 does not prohibit suits upon the administration bond by creditors whose debts have been established could not prevail, because that section distinctly embraces such claims. It applies to *any debt* or damages due from, *or recovered against the decedent* and upon which a *fieri facias* might be issued. Being of opinion, for the reasons stated, that the declaration does not state a good cause of action, the judgment will be affirmed.

*Judgment affirmed with costs.*