## UNITED STATES *v.* PORTALE.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 382. Argued October 22, 1914.—Decided November 2, 1914.

The provision of § 6 of the White Slave Act of June 25, 1910, requiring filing of statements in regard to the harboring of women brought into this country for purposes of prostitution, is not confined to persons who have had to do directly or indirectly with the bringing in or sending forth of such women.

As the statute on which the indictment is based was enacted in pursuance of an international agreement which requires every person to perform an act which may be assistance to the Governments, it is construed literally, as reading it otherwise would deprive the Government of such assistance to no good end.

Where, as in this case, the writ of error was taken by the Government under the Criminal Appeals Act of March 2, 1907, on a single ruling,

reversal of the judgment sustaining the demurrer is based on that ruling alone and is without prejudice to further action of the court below consistent with the opinion of this court.

THE facts, which involve the construction of § 6 of the White Slave Act of June 25, 1910, are stated in the opinion.

*Mr. Assistant Attorney General Wallace* for the United States:

The review here is limited to the precise question decided below.

The statement provided by the statute is due from any "keeper," though not concerned in importation. The court below disregarded the literal reading of § 6 of the White Slave Act. Other provisions of the act confirm a literal reading of this section. The lower court's suggestions are without force and the consequences of its holding would be to nullify the act.

Similar language has previously been so read by this court as shown by the history of the acts.

The constitutionality of the section was not decided below, *Keller Case*, 213 U. S. 147, distinguished. A treaty obligation is here involved. The amendment here involved was enacted to obviate the force of the *Keller Case*.

The information required is essential to the proper regulation of commerce.

Such information may be secured by penalties. No right of a citizen is violated here. The provision is reasonably related to the end sought. Other instances of compulsory procurement of information will be found in statutes relating to internal revenue, immigration, bankruptcy, interstate commerce, and the census.

In support of these contentions see: *Balt. & Ohio R. R. Co.* v. *Int. Com. Comm.*, 221 U. S. 618; *Hackfeld* v. *United States*, 197 U. S. 442; *Hamilton* v. *Rathbone*, 175 U. S. 414, 420; *Int. Com. Comm.* v. *Goodrich*, 224 U. S. 194; *Kansas*

*City Southern Ry.* v. *United States*, 231 U. S. 423; *Keller* v. *United States*, 213 U. S. 139; *Kepner* v. *United States*, 195 U. S. 124; *Latimer* v. *United States*, 223 U. S. 501; *Lewis Publishing Co.* v. *Morgan*, 229 U. S. 315; *Mason* v. *Fearson*, 9 How. 248; *Texas Cement Co.* v. *McCord*, 233 U. S. 137; *The Abbotsford*, 98 U. S. 440; *United States* v. *Barber*, 219 U. S. 72; *United States* v. *Birdsall*, 233 U. S. 223; *United States* v. *Davin*, 189 Fed. Rep. 244; *United States* v. *Goldenberg*, 168 U. S. 95; *United States* v. *Keitel*, 211 U. S. 370; *United States* v. *Lexington Mills Co.*, 232 U. S. 399; *United States* v. *Mescall*, 215 U. S. 31; *United States* v. *Mooney*, 116 U. S. 104; *United States* v. *Young*, 232 U. S. 155.

No appearance or brief filed for defendant in error.

Mr. Justice Holmes delivered the opinion of the court.

This is an indictment alleging that an alien woman entered the United States from Great Britain in 1913; that the defendants knowingly harbored her in Denver for the purpose of prostitution, and that they, so knowingly harboring her for that purpose, wilfully failed to file, within thirty days from the date of the commencement of such harboring, with the Commissioner General of Immigration, a statement in writing setting forth her name, the place where she was kept and the facts as to the date of her entry into the United States, the port through which she entered, her age, nationality and parentage, and concerning her procuration to come to this country within the knowledge of the defendants. The proceeding is under the act of June 25, 1910, c. 395, § 6, 36 Stat. 825, 827, which requires every person harboring an alien woman for the above purpose within three years after she shall have entered the United States from any country,

party to the arrangement for the suppression of the white slave traffic, adopted July 25, 1902; 35 Stat. 1979, to file a statement as aforesaid. A failure to do so is made a misdemeanor and is punished by fine or imprisonment or both. Great Britain is a party to the arrangement. There was a demurrer to the indictment and it was sustained, as appears by a bill of exceptions, upon the ground set forth in the opinion, that, as the court construed the statute, the above requirement was confined to 'persons who have had to do, directly or indirectly, with the bringing in or sending forth of such women or girls.'

We see no sufficient reason for the limitation thus read into the generality and literal meaning of the words of the act. It is true that persons who have had to do with bringing the alien into the country are more likely than others to know the facts to be stated, and it may be assumed that others are not required to know them at their peril. It is true that the immunity from prosecution under the laws of the United States for any fact truthfully reported which the section grants most obviously applies to those who have taken part in bringing the woman in. But others who have not taken part are very likely to know the facts or some of them, and their knowledge may be of a kind to raise suspicion of guilt under the act. The requirement is that 'every person' harboring a woman as above shall file the statement. It is, and purports to be in furtherance of the international agreement. That agreement, among other things, is 'to procure, within the limits of the laws, all information of a nature to discover a criminal traffic'; Art. 2, 35 Stat. 1982, although, perhaps, those words look more immediately to the points of departure and arrival and the journey. Taken literally the statute required the defendants to file a statement of any of the facts mentioned that were within their knowledge, and to read it otherwise would deprive the Government of a

considerable source of information, to no good end that we can perceive.

"We therefore reach the conclusion that the court erred in sustaining the demurrer to the . . . indictment, so far as that ruling is based upon the construction of the statute in question." *United States* v. *Stevenson*, 215 U. S. 190, 199. That is the only question brought up; *United States* v. *Keitel*, 211 U. S. 370, 398; and the reversal of the judgment is without prejudice to further action of the court below consistent with the opinion that we have expressed.

*Judgment reversed.*