### SIMON et al. v. SIMON et al.

Court of Appeals of District of Columbia.
Submitted April 3, 1928.    Decided
May 7, 1928.

No. 4629.

1. Trusts ☞193½—Court cannot order sale of real estate devised for life with remainder over, where will specifically forbids sale or incumbrance by trustee during such period (Code, §§ 97, 100).

Under Code, § 97, relative to sale of real estate limited for life with contingent limitation over, court had no jurisdiction to order sale of real estate devised for life with remainder over to children of life tenants, with specific provision forbidding sale or incumbrance by trustee during such period; section 100, providing for sale of land, regardless of whether limited estate was for life or years, being inapplicable.

2. Statutes ☞158—Repeal of earlier section, not irreconcilable with later one, cannot be implied.

Where different sections of Code are not irreconcilable, and effect may be given to both enactments, a repeal of earlier section by later one cannot be implied.

3. Statutes ☞225½—Specific provisions of special legislation must be given effect as against general law.

Specific provisions of special legislation must be given effect as against more general and comprehensive provisions of general law on same subject-matter.

4. Statutes ☞194—Words expressive of particular intent, incompatible with others expressive of general intent, may be construed as exception.

Words expressive of particular intent, incompatible with others expressive of general intent, may be construed as an exception to the latter, so that all may have effect.

5. Statutes ☞225½—Earlier special statute must be considered as exception to later general law.

Where there is an earlier special statute and a later general statute, the terms of the later being broad enough to include the matter provided for in the former, the special statute must be considered as an exception to the general statute.

Appeal from the Supreme Court of the District of Columbia.

Suit by Mabel H. Simon and another, trustees, against Mabel H. Simon and others.

Decree of dismissal, and complainants appeal. Affirmed.

L. M. Denit, of Washington, D. C., for appellants.

Pearl Bellman Klein, of Washington, D. C., for appellees.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. This is an appeal from a decree dismissing on the merits the amended bill of complaint filed by Mabel H. Simon and Edwin C. Brandenburg, trustees and complainants, against Mabel H. Simon, Helen Flora Goldstein, and James H. Simon, Berenice H. Simon, Babette H. Mandle, Lewis Hopfenmaier, Berneda Goldstein, and Lois Goldstein, minors, and the trustees of the estate of Milton Hopfenmaier, defendants.

Lewis Hopfenmaier died in the District of Columbia on the 16th of August, 1917, leaving him surviving, as his sole and only heirs at law, his widow, Mrs. Yettie Hopfenmaier, and three children, Mrs. Mabel H. Simon, Milton Hopfenmaier, and Mrs. Helen Flora Goldstein. Mrs. Yettie Hopfenmaier, widow of Lewis Hopfenmaier, died on the 1st of April, 1919. The defendants James H. Simon and Berenice H. Simon are the minor children of Mrs. Mabel H. Simon. The defendants Berneda Goldstein and Lewis Goldstein are the minor children of Helen Flora Goldstein. The defendants Babette H. Mandle and Lewis Hopfenmaier are the minor children of Milton Hopfenmaier, who died in the District of Columbia on the 23d of March, 1926, leaving him surviving his widow and said minor children.

Lewis Hopfenmaier, in and by his last will and testament, bequeathed the net income of his estate to his wife and three children for life, such income upon the death of his wife to be divided equally among the three children, and, in the event of the death of any of the children, the share of the income to which such child was entitled to be paid to his or her surviving children. The will also specifically provided that no distribution of the principal of his estate should be made until 20 years after the death of the survivor of his children, at which time said will directed the trustees of his estate to convert the real property left by him into cash and to distribute the proceeds of such conversion equally per stirpes, but not per capita, between the children of Mrs. Mabel

H. Simon, Milton Hopfenmaier, and Mrs. Helen Flora Goldstein. Not only did the will prohibit any distribution of the estate of the deceased until 20 years after the death of the survivor of his children, but it specifically provided that under no conditions should the executor, trustee, or trustees of his estate have the right to incumber or sell any of the real estate during that period, unless the property were taken by the government, in which event the proceeds derived from the property were to be reinvested.

Among the properties of the estate now held by the trustees for the trust purposes specified in the will is lot 815 in square 387. Upon that lot was erected more than 50 years ago a three-story brick residence known as No. 413 Ninth Street S. W. That building is now undesirably located for residence purposes and is in a dilapidated condition, notwithstanding the expenditure in May, 1926, of more than $300 for papering, painting, and general repairs. The building now requires a new roof, which would cost several hundred dollars and other extensive repairs. Due to the location of the residence and the condition of the building, the trustees of the estate have found it impossible to keep the premises occupied and to derive an income from it sufficient to pay taxes, insurance, repairs, and to make any adequate return on the capital value of the property. On this state of facts, the trustees of the estate of Lewis Hopfenmaier, deceased, filed their bill in equity and prayed that the court authorize and direct the sale of the premises at 413 Ninth Street S. W. at the best price obtainable, the proceeds of such sale to be turned over to the trustees of the estate for reinvestment as capital funds of said estate. All of the parties entitled to distributive shares of the estate consented to the sale, with the exception of the minors, Berenice H. Simon, Babette H. Mandle, Lewis Hopfenmaier, Berneda Goldstein, and Lois Goldstein, who, by their guardian ad litem, objected to the jurisdiction of the court, and moved that the amended bill of complaint be dismissed, on the ground that under the will the court had no power to authorize the sale for which the bill prayed. The court decreed that the amended bill of complaint be dismissed on the merits, and from that decree this appeal was taken.

[1] The appellants, in support of their appeal, contend, first, that the court below had jurisdiction to order the sale, and that section 97 of the District of Columbia Code has no application to the facts alleged in the bill; second, that section 100 of the District Code grants power to the court to decree, if it be to the interest of all concerned, a sale of real property in any case where one or more persons are entitled to an estate for life or years in lands to which any other person or persons are entitled to a vested or contingent remainder.

Section 97 and the parts of section 100 pertinent to the case read as follows:

"Section 97. *Sale of Contingent Interests.*—Where real estate is limited to one or more for life, with a contingent limitation over to such issue of one or more of the tenants for life as shall be living at the death of their parent or parents, and the deed or will does not prohibit a sale, said court may, on the application of the tenants for life, and if the court shall be of opinion that it is expedient to do so, order a sale of such estate and decree to the purchaser an absolute and complete title in fee simple."

"Sec. 100. Wherever one or more persons shall be entitled to an estate for life or years, or a base or qualified fee simple, or any other limited or conditional estate in lands, and any other person or persons shall be entitled to a remainder or remainders, vested or contingent, or an interest by way of executory devise in the same lands, on application of any of the parties in interest the court may, if all the parties in being are made parties to the proceeding, decree a sale or lease of the property, if it shall appear to be to the interest of all concerned. * * * *"

Under the terms of the will the wife and three children of Lewis Hopfenmaier were entitled to a life interest in the premises 413 Ninth Street S. W. with remainder over on their death to the surviving immediate issue of such children. The real estate for the sale of which the bill prays is, therefore, clearly within the language of section 100, and that section is applicable to the facts disclosed by the amended bill, unless it be held that section 97 stands unrepealed and more definitely and specifically provides for the case. [2] Section 97 of the District Code is practically a re-enactment of section 1 of the Act of August 18, 1856 (11 Stat. 118), whereas section 100 did not become the law of the District until March 3, 1901, the date on which both sections became a part of the Code. The sections are not irreconcilable and as effect may be given to both enactments, the repeal of section 97 by section 100 cannot be implied. U. S. v. Sampson, 19 App. D. C. 435; McCarthy v. McCarthy, 20 App. D. C. 195, 202; Moss v. United

States, 29 App. D. C. 188, 196, 197; Cope v. Cope, 137 U. S. 682, 686, 11 S. Ct. 222, 34 L. Ed. 832; Frost v. Wenie, 157 U. S. 46, 58, 15 S. Ct. 532, 39 L. Ed. 614; Rosecrans v. United States, 165 U. S. 257, 262, 17 S. Ct. 302, 41 L. Ed. 708.

Section 100 is the broad general provision providing for the judicial sale of lands in which an estate for life or years or any other limited or conditional estate has been conferred on one or more persons and a vested or contingent remainder on a different person or persons. Under that section sale of all lands charged with limited estates may, if it appear to be to the interest of all concerned, be decreed by a court of competent jurisdiction irrespective of the will of the testator.

As section 100 provides for the sale of lands regardless of whether the limited estate is for life or years or conditional, regardless of whether the remainder over is vested or contingent, and regardless of whether the remaindermen are or are not issue of the tenants for life or years, it must be considered as *general* legislation defining the judicial procedure for the sale of substantially all limited estates.

[3] Section 97 is a much narrower provision than section 100 and is limited in its operation to life estates with a *contingent* remainder over, not to *any* person or persons, but *only* to such issue of one or more of the tenants for life as may be living on the death of the parent or parents of the issue. Not only is section 97 restricted in its scope to real estate in which there is a life estate and a contingent remainder to the surviving issue of the life tenants, but the power of the court to order a sale of the real estate is specifically limited to cases in which a sale is not prohibited by the will of the testator. Section 97 clothes the court with authority to sell a restricted and particular class of limited estates, and is therefore *special* legislation, the specific provisions of which must be given effect as against the more general and more comprehensive provisions of section 100 on the same subject-matter.

[4] Words expressive of a particular intent, incompatible with others expressive of a general intent, may be construed as an exception to the latter, so that all may have effect. Dwarris on Statutes and Constitutions (Potter, 1871) 273; Churchill v. Crease, 5 Bing. 177, 180; State v. Moore, 108 Md. 636, 71 A. 461, 462.

[5] It is a canon of statutory construction that, where there is an earlier special statute and a later general statute, the terms of the later being broad enough to include the matter provided for in the former, the special statute must be considered as an exception to the general statute. Ex parte Crow Dog, 109 U. S. 556, 570, 3 S. Ct. 396, 27 L. Ed. 1030; Rodgers v. United States, 185 U. S. 83, 87, 88, 89, 22 S. Ct. 582, 46 L. Ed. 816.

Section 97 of the Code is in full force, and whether its provisions be wise or unwise, they must be respected and given effect by the court until such time as they are modified, amended, or repealed by Congress.

The decree from which the appeal is taken is affirmed, with costs.

Affirmed.