## UNITED STATES v. HESS.
### No. 9805.

Circuit Court of Appeals, Eighth Circuit.

May 21, 1934.

For former opinion, see 70 F.(2d) 142.

George C. Sweeney, Asst. Atty. Gen. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., Bryan Purteet, Asst. U. S. Atty., of St. Louis, Mo., and John C. Dyott and Aubrey Lawrence, Sp. Assts. to Atty. Gen., on the brief), for the United States.

R. B. Oliver, Jr., of Cape Girardeau, Mo. (R. B. Oliver, Allen L. Oliver, and Oliver & Oliver, all of Cape Girardeau, Mo., on the brief), for appellee.

Before GARDNER and WOODROUGH, Circuit Judges, and MARTINEAU, District Judge.

WOODROUGH, Circuit Judge.

The appellee, Price F. Hess, has filed her motion herein for rehearing or, in the alternative, to amplify our opinion filed February 27, 1934. On consideration, the rehearing asked for is denied, but the court will amplify somewhat the opinion heretofore filed.

In that opinion we noted that the Flood Control Act (33 USCA § 702a et seq.) does not by any of its terms confer the right of

jury trial on the issue of damages upon property owners affected by and made parties to the condemnation proceedings instituted under the act, and we did not decide but left open the question whether the language of the act is compatible with trial of the amount of damages by jury. We have concluded to express more fully our decision on the question of the right of jury trial in condemnations under this act.

Its relevant provisions are as follows: "* * * The Secretary of War may cause proceedings to be instituted for the acquirement by condemnation of any lands, easements, or rights of way which, in the opinion of the Secretary of War and the Chief of Engineers, are needed in carrying out this project, the said proceedings to be instituted in the United States district court for the district in which the land, easement, or right of way is located. In all such proceedings the court, for the purpose of ascertaining the value of the property and assessing the compensation to be paid, shall appoint three commissioners, whose award, when confirmed by the court, shall be final. * * *" 45 Stat. 534, 536, § 4, title 33 USCA § 702d.

It has been argued that the provisions of the act as to proceedings for the purpose of ascertaining the value of the property by appointing three commissioners whose award, when confirmed by the court, shall be final, are too abbreviated to establish adequate procedure; but we are persuaded that they are sufficient. It is clear that the court is to appoint three commissioners and this excludes any idea that the court is to call in a common law jury. The award of the commissioners "when confirmed by the court shall be final." The act of confirmation is to be done by the court appointing the commissioners. The appointment comes from the court and, consistently with the practice otherwise applied, the appointing power is given the power to approve or disapprove the acts of its appointees. We are satisfied that the Congress has by clear, definite, and concise language evidenced its intent that in all condemnations carried on under authority of the Flood Control Act compensation shall be fixed without jury trial by award of commissioners confirmed by the court.

It is contended that such intent ought not to be imputed because in other and prior federal condemnation acts Congress has accorded land owners affected the right of jury trial where such right existed in the state, and the doctrine of implied repeal is urged against any interpretation which would deny the land owner the right of jury trial in con-

demnation proceedings under this act. The Act of August 1, 1888, 25 Stat. 357, title 40 USCA § 258, provided a procedure in cases of condemnation by the Secretary of the Treasury or any other officers of the government wherein the practice, pleadings, forms, and modes of proceedings should conform as near as may be to the practice, pleadings, forms, and proceedings existing at the time in like causes in courts of record in the state within which the District Court was held, "any rule of the court to the contrary notwithstanding." And there are other statutes requiring condemnation proceedings by the United States to conform to the law of the state where the proceedings are instituted. For example, see Act of April 24, 1888, 25 Stat. 94, 33 USCA § 591; Act of July 2, 1917, 40 Stat. 241, amended by Act of April 11, 1918, 40 Stat. 518, 50 USCA § 171. But however general the terms of the prior statutes may have been the Mississippi Flood Control Act of May 15, 1928 (33 USCA § 702a et seq.) is a special statute later than the others and exclusively controlling upon the subjects which it covers. This condemnation proceeding here involved must be governed exclusively by its provisions. Where there are two statutes upon the same subject, one general and the other special, the special statute is recognized as an exception to the generality of the other statute without regard to priority of enactment. Townsend v. Little, 109 U. S. 504, 3 S. Ct. 357, 27 L. Ed. 1012; Washington v. Miller, 235 U. S. 422, 35 S. Ct. 119, 59 L. Ed. 295; Niagara Fire Ins. Co. v. Raleigh Hardware Co. (C. C. A. 4) 62 F. (2d) 705; Jackson v. Cravens (C. C. A. 5) 238 F. 117; Bogileno v. U. S. (C. C. A. 10) 38 F.(2d) 584; U. S. v. Lapp (C. C. A. 6) 244 F. 377; Stoneberg v. Morgan (C. C. A. 8) 246 F. 98; McClintic v. U. S. (C. C. A. 8) 283 F. 781; Murphy Oil Co. v. Burnet (C. C. A. 9) 55 F.(2d) 17; Simon v. Simon, 58 App. D. C. 158, 26 F.(2d) 530; U. S. v. Mammoth Oil Co. (C. C. A. 8) 14 F.(2d) 705; Jackson v. Chicago, R. I. & P. R. Co. (C. C. A. 8) 178 F. 432.

It was not necessary for Congress to repeal or refer to the prior statutes when it provided another and different method of fixing compensation in condemnations under the Flood Control Act inconsistent with jury trial.

Referring to the Congressional Record, it is disclosed that the question as to how the amount of compensation to land owners affected by the operation of the Flood Control Act was going to be determined was extensively debated in Congress. Volume 69, part

6, Cong. Record, pp. 6717 and 6783, April 18 and 19, 1928. The fear was repeatedly expressed that the cost of acquiring rights for the flood control project would be prohibitive. There was strenuous objection to submitting the question of the amount of assessment to juries in the several districts. The following statement was made on the floor of the House in the course of the debate and is illustrative of the common understanding of the purport of section 4 of the bill: "It will not be a case comparable to juries rendering excessive damages against railroad companies because, in the first place, juries will not be used under this law, but only appraisers appointed by the judge." Cong. Record, p. 6717. We are controlled by the language of the act rather than by the discussions in Congress and advert to those proceedings only as they seem to confirm the intent of Congress as we find it expressed in the section.

Our attention has been recalled to the decision in the Fourth Circuit in the case of Beatty v. United States (C. C. A.) 203 F. 620, to the effect that the land owner was guaranteed jury trial on the amount of her damages by the Seventh Amendment to the Constitution of the United States, but we adhere to the conclusion stated in the original opinion that: "None of the provisions of the Federal Constitution requires that the property owner be given the right of jury trial on the issue of the amount of his compensation in eminent domain proceedings. Custiss v. Georgetown & Alexandria Turnpike Co., 6 Cranch, 233, 3 L. Ed. 209; Secombe v. Railroad Co., 23 Wall. 108, 23 L. Ed. 67; Kohl v. U. S., 91 U. S. 367, 23 L. Ed. 449; United States v. Jones, 109 U. S. 513, 3 S. Ct. 346, 27 L. Ed. 1015; Shoemaker v. U. S., 147 U. S. 282, 13 S. Ct. 361, 37 L. Ed. 170; Long Island Water-Supply Co. v. Brooklyn, 166 U. S. 685, 17 S. Ct. 718, 41 L. Ed. 1165; Bauman v. Ross, 167 U. S. 548, 17 S. Ct. 966, 42 L. Ed. 270; Backus v. Fort Street Union Depot Co., 169 U. S. 557, 18 S. Ct. 445, 42 L. Ed. 853; Crane v. Hahlo, 258 U. S. 142, 42 S. Ct. 214, 66 L. Ed. 514; Nichols on Eminent Domain, vol. 2 (2d Ed.) 938." We think that the declaration of the Supreme Court made in the case of Crane v. Hahlo, supra, page 147 of 258 U. S., 42 S. Ct. 214, 216, more than eight years after the decision in the Beatty Case, is controlling upon us. The court said: "The right of the plaintiff in error to damages having been established by the decision in [People ex rel. Crane v. Ormond] 221 N. Y. 283, 116 N. E. 993, supra, there remained only the problem of determining the amount of the award which should be made and the manner

of making it, and the reference of such a question, especially in eminent domain proceedings, to a commission, or board, or sheriff's jury, or other non-judicial tribunal, was so common in England and in this country prior to the adoption of the federal Constitution that it has been held repeatedly that it is a form of procedure within the power of the state to provide, and that, when opportunity to be heard is given, it satisfies the requirements of due process of law, especially when, as in this case, a right of review in the courts is given. Custiss v. Georgetown & Alexandria Turnpike Co., 6 Cranch, 233, 3 L. Ed. 209; Backus v. Fort Street Union Depot Co., 169 U. S. 557, 569, 18 S. Ct. 445, 42 L. Ed. 853; United States v. Jones, 109 U. S. 513, 519, 3 S. Ct. 346, 27 L. Ed. 1015; Long Island Water Supply Co. v. Brooklyn, 166 U. S. 685, 688, 17 S. Ct. 718, 41 L. Ed. 1165, and Bauman v. Ross, 167 U. S. 548, 593, 17 S. Ct. 966, 42 L. Ed. 270."

We are urged in the motion of appellee to answer the question: "Is the review (of the award of commissioners) to be limited to a determination of whether the report is regular in form and that due notice of a motion to confirm has been given, and upon an affirmative finding that such is the case, then is an order of confirmation to be entered, 'as a matter of course?'"

It appears from the record in this case that on the coming in of the report of the commissioners assessing compensation to land owners, exceptions were filed to the award on behalf of the land owner herein and also for the government. The exceptions on one side presenting that the award was too low and on the other that it was too high. No complaint appears to have been made to this procedure and undoubtedly the procedure was in accordance with the practice existing in Missouri in like cases. That is to say, it was in accordance with the procedure existing in Missouri in cases where the awards of commissioners in condemnations are required to be reviewed by the court without jury trial and confirmed or rejected, as the court may determine. The next steps in the procedure to be followed to arrive at the just compensation due the land owner must also be taken in accordance with the practice existing in Missouri in the condemnation cases where jury trials are not accorded. In such cases it is well settled in Missouri that it is the duty of the court to hear testimony, if offered, as to the adequacy of the compensation awarded, and the court is authorized to make such order as right and justice may require, and may order a new appraisement for good cause shown. The pro-

visions of section 4 of the Flood Control Act (33 USCA § 702d) do not indicate that the report of the commissioners is conclusive as to the amount of compensation due the land owner, but clearly contemplate that the judge of the court, upon full hearing accorded the parties affected, shall decide the question. It may be observed that in Guste v. United States (C. C. A. 5) 55 F. (2d) 115, 117 and St. Bernard Cypress Co. v. U. S. (C. C. A. 5) 65 F. (2d) 711, the procedure outlined by the statute was followed; commissioners were appointed, they made their valuations and upon a hearing of the question of confirmation exceptions of the parties under well-recognized rules of law were considered. In Guste v. United States, supra, it is said: "Under the terms of the act of Congress, the award of the commissioners becomes final when it is confirmed by the court. It would be a strange doctrine that would not permit the court to withhold its approval if its instructions have been ignored or seriously disobeyed by the commissioners, and the amount of their award is challenged."

It appears from the report of that case that the district court appointed two sets of commissioners. It disapproved the report of the commissioners first appointed and refused to confirm because they had disobeyed instructions and disregarded the principles applicable in determining values. The court did not itself revalue the property but accorded or denied its judicial sanction upon the acts of its ministerial officers. From such final decision appeal will lie to this court.

We, therefore, reverse the case and remand it to the trial court, imposing upon the judge of that court the burden to hear such competent testimony as may be offered and to make such order as right and justice may require, to confirm the award if it is right and to reject it and order a new appraisal if it is wrong.