## MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RY. CO. *v.* MOQUIN.

No. 543.   Argued April 29, 1931.—Decided May 18, 1931.

Mr. *Henry S. Mitchell*, with whom *Messrs. John E. Palmer* and *James L. Hetland* were on the brief, for petitioner.

Mr. *Tom Davis*, with whom *Mr. Ernest A. Michel* was on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

Respondent sued petitioner in the district court of Crow Wing County, Minnesota, to recover damages for injuries sustained in the course of his employment in interstate commerce. The trial resulted in a verdict for the respondent, which petitioner moved to set aside on the ground that misconduct of respondent's counsel in making appeals to passion and prejudice had prevented an impartial trial. The motion was denied, and petitioner appealed to the Supreme Court of Minnesota. That court referred to the state practice, which requires counsel to interrupt and have the language used by offending counsel placed upon the record, to ask the court to instruct the jury to

disregard it, and to take an exception, if thought advisable. It, however, criticized the conduct of respondent's counsel, and said: "In the absence of objection from counsel, it may become the duty of the court to act on its own motion. . . . From the entire record before us we are of the opinion that the verdict is excessive because of passion and prejudice."

A new trial was ordered, unless the respondent should file in the trial .court a writing remitting a portion of the verdict. 231 N. W. 829, 832. Such a remittitur was filed, and thereupon the trial court entered judgment for the remainder. The petitioner again appealed, and the Supreme Court affirmed, merely referring to its previous opinion. 231 N. W. 920. We granted a writ of certiorari limited to the question arising from the failure of the state court to grant a new trial in a case under the Federal Employers' Liability Act where the verdict was obtained by appeals to passion and prejudice. [1]

It is unnecessary to cite from the record what occurred at the trial, or to discuss the propriety of the views of the court below as to the basis of the verdict. The finding is quoted above, and our sole concern is as to the action it requires. Nor need we inquire into the rules applicable in trials under state law. Whether under the state's jurisprudence the present record would entitle petitioner to a new trial or to such a conditional order as was awarded is immaterial.

In actions under the federal statute no verdict can be permitted to stand which is found to be in any degree the result of appeals to passion and prejudice. Obviously such means may be quite as effective to beget a wholly wrong verdict as to produce an excessive one. A litigant gaining a verdict thereby will not be permitted the benefit of calculation, which can be little better than speculation,

---

[1] 282 U. S. 833.

522

as to the extent of the wrong inflicted upon his opponent.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*