## UNITED STATES v. KENNESAW MOUNTAIN BATTLEFIELD ASS'N.

## KENNESAW MOUNTAIN BATTLEFIELD ASS'N v. UNITED STATES.
### Nos. 8822, 8896.

Circuit Court of Appeals, Fifth Circuit.
Nov. 14, 1938.

Lawrence S. Apsey, Atty., Department of Justice, of Washington, D. C., J. W. Cooper, Sp. Atty., Department of Justice, of Knoxville, Tenn., and Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga.

Clint W. Hager, Walter S. Dillon, and Sam'l D. Hewlett, all of Atlanta, Ga., for Kennesaw Mountain Battlefield Ass'n.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appeal and cross appeal in a condemnation suit, entered on a verdict increased from $9,000 to $16,000 by an additur, required by the District Judge and consented to by the United States.

Appellant insists that the District Judge was, under the circumstances existent here, without authority to require an additur, and that, despite its consent to the increase, judgment should have been entered for it on the original verdict.

Cross appellants, agreeing with the United States that the requirement of the additur was unauthorized,[1] and was without effect, insist that the effect of the proceedings below was to grant a new trial, and that judgment ought not to have been entered on the verdict, either as originally rendered or as added to. A brief statement will serve both to set the question out, and to point it for decision.

The proceeding was under the authority of Sec. 2 of the Act of June 26, 1935, 16

[1] Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150.

U.S.C.A. § 430u against Kennesaw Mountain Battlefield Association and its receivers, to condemn property on Kennesaw Mountain "for a National Memorial Military Park." On July 21, 1937 the United States obtained a jury verdict, fixing $9,000 as just compensation for the lands to be condemned. Within due time after the coming in of the verdict Kennesaw Mountain Battlefield Association appearing by the same counsel who had, in the name of the receivers, managed the contest of the proceedings, moved for a new trial. The grounds assigned were; that the verdict was without evidence to support it; that it was against the weight of the evidence and contrary to the principles of justice and equity; that it had been induced by the error of admitting in evidence, over objection, two tax returns purporting to have been made by it, rendering its property in Cobb County at $8,750.

The District Judge gave consideration to the motion, and on August 7 in a written opinion, holding that there was no error in the admission of the tax returns, declared that he "was disappointed with the amount of the verdict" and that "the value of $9,000, but little more than the tax value, was too cheap". Reasoning: "Verdicts have often been set aside as excessive unless written down to an amount fixed by the Judge. I know of no precedent for requiring one to be written up as the condition of refusing a new trial. I see no difference in principle. In both cases the Judge thinks the verdict wrong in amount and will set it aside unless the party who desires to maintain the verdict will voluntarily correct it rather than suffer a new trial;" the opinion concludes thus: "A new trial is granted in this case unless within thirty days from the effective date of this order the United States shall file a written consent that the verdict shall be written up to an amount of sixteen thousand dollars instead of nine thousand dollars, and that judgment shall be entered for sixteen thousand dollars. If such consent be so filed a new trial is denied."

The United States filed its written consent to the increase of the verdict from $9,000 to $16,000, and agreed to pay it as increased, and an order was entered denying the motion for a new trial.

The Association appealed, but it appearing that no judgment had been entered upon the verdict, the appeal was dismissed. Thereafter, on May 4, 1938, the United States, insisting that the attempted raising of the verdict was ineffective, in the state of the record, for want of power in the District Judge to order it, and further, that the condemnees having failed to accept the additur agreed to by the United States that offer had expired, moved in the District Court for a judgment on the verdict as originally rendered for $9,000.

The Association and the receivers agreed with the United States that the District Court was without authority to require or permit the additur and that it was ineffective but upon a different ground. Insisting that by the opinion on its motion for new trial the Court had in effect set aside the verdict and granted a new trial, and that the cause should be placed on the trial calendar for retrial, they contested condemnor's motion.

In support of its motion for judgment the United States urged below that whether condemnees were or were not right in contending that the trial court was generally without power to require an additur as a condition for refusing a new trial, it was certainly without power to do so in this case, because the Association, which alone had filed the motion, had not answered or appeared in the condemnation proceeding while the receivers who had contested the condemnation, had not moved for a new trial, therefore the motion for new trial had no legal standing.

The Association, insisting that the answer to the condemnation proceeding filed by the receivers was an answer for it as well, and that its motion for new trial was duly filed and considered on behalf of all interested, urged upon the Court that the conditions subsequent it had imposed upon the granting of a new trial were void and of no effect; were in fact, surplusage to the valid order granting a new trial. It therefore contended that the term of court now having expired at which the new trial was granted, the Court was without authority to revoke, modify or amend its August 7, 1937 order granting a new trial.

The District Judge, in a carefully considered opinion, rejected all of these contentions against the judgment. Pointing out that the motion for new trial the Association had made was filed by the same counsel who had appeared for the receivers and that, without any objection on the part of the United States, it was heard and disposed of on its merits, he rejected appellant's contention that the motion was ineffective for failure to name the re-

ceivers as parties to it. Pointing out that though the United States had alleged the forfeiture of the charter, and the dissolution of the corporate status of the Association, there was no proof that its corporate existence was at an end so that it could not appear and defend the suit, he held that having sued it, and treated it throughout as capable of being sued, the United States was without standing to now contend to the contrary.

As to the additur and its effect, he held, that there was no error in the trial; that the owner had no legal right to any more than the $9,000 which the jury in an errorless trial gave him; that he could, without depriving the owner of any right, have overruled the motion unconditionally; that he did not conclude that the jury had acted with bias or from any wrong motive, but felt that he had some responsibility for seeing that a just compensation was fixed; and though there was ample evidence to sustain the verdict, he attempted to and did obtain the consent of the condemnor to an additional amount. He thought then and still thinks there could be no complaint of this; the condemnor could not complain of the additur, because it had consented to it; the owner could not complain of it, because, there being no ground for a new trial, the addition to the verdict was in his favor. He thought Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150, should not control because that was a condemnation proceeding, to which the Seventh Amendment, U.S.C.A.Const. Amend. 7, was without application. He thought that if, in such a proceeding, the judge's only objection is as to the amount and he can be satisfied on that point by a voluntary concession by the party who has been too successful, no injury is done the other party by requiring the concession, and refusing to exercise the discretionary power to grant a new trial which might, before the concession, have been exerted.

Here, though appellant still insists that the Association being a dissolved corporation, without standing to move for a new trial or appeal, and that since the receivers did not join in the motion, their appeal comes too late, and still urges that the judgment should be reversed, with directions to enter judgment on the verdict as rendered, it devotes the greater part of its brief to a refutation of cross appellants' claim for a new trial.

Cross appellants, pointing out that there is no proof, but only allegations as to the Association's authority and right to appear, insist that the District Judge was right in the view he took of the standing and validity of their motion for new trial, wrong in his view that his action, in requiring an additur instead of granting a new trial, was not one of which cross appellants could complain. It argues that a condemnation suit is a suit at common law within the meaning of the Seventh Amendment and that a common law jury trial in such a case is guaranteed by it. It argues further, that this proceeding, being under Georgia law, must conform to Georgia decisions, holding that the refusal of a new trial, where the damages are unliquidated, may not be conditioned upon a change in the amount of the verdict. It insists that the Judge was wrong in conditioning the new trial as he did, and that the judgment he entered on the verdict as increased should be reversed with directions to set the cause for trial. The United States agreed with the District Judge that a condemnation suit was not a proceeding requiring a common law jury trial within the Seventh Amendment, and that the Georgia decisions on remittiturs are not controlling. It took the ground that, if it should be held here that the motion for new trial was properly filed, and that the court had rightly considered it, the judgment should be affirmed.

We agree with the District Judge that the motion for new trial the Association filed was duly and properly filed, that he was right in considering it, and that the United States, having participated in the hearing of the motion, and especially having consented to an increase of the verdict, may not complain of the judgment rendered on the verdict as increased.

As to its appeal, the judgment is affirmed.

On the cross appeal, we agree with the District Judge that Dimick v. Schiedt is not controlling. We agree with the reason he gave, that the complained of action in requiring an additur and refusing a new trial was taken not in a common law action within the Seventh Amendment, U.S.C.A.Const.Amend. 7, as it was in the Dimick Case, but in a condemnation proceeding, to which the guaranties of the Seventh Amendment do not apply. We agree that it is not controlling for the further reason, that that case, decided as it

was by a closely divided court, is authority only for its own facts, and those facts are not present here. Those facts as shown by the opinions of the Circuit Court of Appeals,[2] and of the Supreme Court,[3] were that the trial was attended with serious error for which a new trial ought to have been granted at common law, and the holding was that though Federal decisions had furnished a precedent for curing such errors by remittitur when the verdict was not the result of passion or prejudice,[4] there were no authoritative precedents, either English or American, for curing them by additur.

▉ Cross appellants strenuously oppose the view of the District Judge; that condemnation proceedings are not common law actions within the Seventh Amendment, but are one of many statutory proceedings in which no jury is required. They cite in opposition Kohl v. United States, 91 U.S. 367, 23 L.Ed. 449, Chappell v. United States, 160 U.S. 499, 16 S.Ct. 397, 40 L.Ed. 510, and Beatty v. United States, 4 Cir., 203 F. 620. We do not think these cases are controlling here. We regard as controlling, the cases appellant cites in support, Custiss v. Georgetown & Alexandria Turnpike Co., 6 Cranch 233, 3 L.Ed. 209; Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270.[5]

▉ But if we are wrong in this, and the proceeding was a common law action with a jury trial guaranteed under the Seventh Amendment, still the judgment should be affirmed, because it conclusively appears from the record itself, and from the findings of the District Judge, that the trial was not attended with any error for which a new trial at common law ought to have been granted.

The only error assigned is to the admission in evidence of the tax returns. The point most argued here is that such returns are not admissible as evidence of value in a condemnation proceeding. It is sufficient to say of it that no such objection was made to their introduction in the court below. It was there contended merely that they were not properly identified as the returns of the corporation. On this point the District Judge correctly ruled that they were filed by the agent of the corporation and accepted by the tax officers as its rendition, and that if the President's signature which appeared on them was not fully proven, he was in the courtroom during the trial and could have taken the stand to deny their genuineness. The objection actually made was, under the circumstances, frivolous and without substance.

The case stood below and stands here, then, as one in which the record shows an errorless trial, and no right in the Association therefore, at common law, to have a new trial granted.

---

2 "If the plaintiff in this case was entitled to recover, he was obviously entitled on the evidence to recover more than $500 for pain and suffering, loss of wages, and expenses of treatment in effecting a recovery; but, as there was some evidence tending to show that the plaintiff was guilty of contributory negligence, the inadequate verdict may well have been due to a compromise among the jury. If so, a new trial was clearly the only proper remedy." Schiedt v. Dimick, 1 Cir., 70 F.2d 558, 562.

3 "When, therefore, the trial court here found that the damages awarded by the jury were so inadequate as to entitle plaintiff to a new trial, how can it be held, with any semblance of reason, that that court, with the consent of the defendant only, may, by assessing an additional amount of damages, bring the constitutional right of the plaintiff to a jury trial to an end in respect of a matter of fact which no jury has ever passed upon either explicitly or by implication? To so hold is obviously to compel the plaintiff to forego his constitutional right to the verdict of a jury and accept 'an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess.'" Dimick v. Schiedt, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603, 95 A.L.R. 1150.

4 Cf. Minneapolis, St. P. & S. S. M. R. Co. v. Moquin, 283 U.S. 520, 51 S.Ct. 501, 75 L.Ed. 1243; Brabham v. Mississippi, 5 Cir., 96 F.2d 210.

5 Crane v. Hahlo, 258 U.S. 142, 42 S. Ct. 214, 66 L.Ed. 514; Nichols, Eminent Domain, 2nd Ed. 197, Sec. 339; Federal Condemnation Proceedings and the Seventh Amendment, 41 Harv.L.Rev. 29; Great Falls Mfg. Co. v. Garland, C.C., 25 F. 521; United States v. Hess, 8 Cir., 71 F.2d 78; C/f Agwilines, Inc., v. National Labor Relations Board, 5 Cir., 87 F.2d 146, 151 and cases cited, particularly Mountain Timber Co. v. Washington, 243 U.S. 219, 37 S.Ct. 260, 61 L. Ed. 685, Ann.Cas.1917D, 642; Rowlette v. Rothstein Dental Laboratories, 61 App. D.C. 373, 63 F.2d 150.

Cross appellants are thus in the position of complaining of a judgment which gave them more than they could claim under the verdict, a matter not at all to their injury, but greatly to their advantage. Under these circumstances, we think it inescapable that the rule of Dimick v. Schiedt, announced in, and applied to, a trial in which at common law a new trial ought to have been granted for error, is wholly without application here.

Finally, as to cross appellants' point that since the condemnation proceeding in this case was under the Georgia Code, Code 1933, § 36-301 et seq., the Federal court was bound by the Georgia decisions holding trial judges without power to order the verdict changed in amount, as a condition to the refusal of a new trial,[6] we need only say: (1) that the decisions relied on were not rendered in condemnation suits, but in ordinary common law actions; (2) they dealt not with additurs, but with remittiturs, and in their dealing ran counter to Federal decisions; and (3) the control of Federal trial courts over verdicts is governed by the decisions of Federal courts, not those of State courts. Schiedt v. Dimick, 1 Cir., 70 F.2d 558; Minneapolis, St. P. & S. S. M. R. Co. v. Moquin, 283 U.S. 520, 51 S.Ct. 501, 75 L.Ed. 1243; Brabham v. Mississippi, 5 Cir., 96 F.2d 210.

We find no error in the judgment. On the appeal and cross appeal, it is affirmed.

---

[6] Central of Georgia Ry. Co. v. Perkerson, 112 Ga. 923, 38 S.E. 365, 53 L.R. A. 210; City of East Point v. Christian, 40 Ga.App. 81, 149 S.E. 50.