## UNITED STATES v. CERTAIN PARCELS OF LAND IN RAPIDES PARISH, LA.
### No. 11220.

Circuit Court of Appeals, Fifth Circuit.
April 26, 1945.

John C. Harrington, Atty., Lands Division, Department of Justice, of Washington, D. C., Olin D. Moore, Sp. Atty., Department of Justice, of Many, La., and Malcolm E. Lafargue, U. S. Atty., and Jared Y. Fontenot, Asst. U. S. Atty., both of Shreveport, La., for appellant.

Isaac Wahlder, of Alexandria, La., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal is from a verdict and judgment in a condemnation proceeding[1] to procure lands for the construction of roadways in connection with Camp Beauregard. Conducted throughout with complete disregard of the rules of proof governing in such cases and almost without objection on the part of the United States, the resulting verdict was for $14,895, a sum demonstrably in excess of the fair market value of the property condemned. Some of the excess was urged out of the verdict by a remittitur of $1,500 required by the District Judge. Not satisfied with this, however, the United States is here insisting that at least to the extent that it exceeds $10,000, the amount it deposited before appealing, the award is so excessive as to indicate the presence of passion and prejudice, and to require a reversal.

Relying, on the ground of error apparent of record,[2] upon the unexcepted to departures from the rules,[3] as well as upon those to which exceptions were taken,[4] the United States urges that the judgment may not stand.

 We agree. That the case was wrongly tried throughout may not be doubted. "In an Eminent Domain proceeding, the vital issue, and generally the only issue, is that of just compensation",[5] and the burden of establishing the amount was on the appellee.[6] Its ill assorted and misfit collection of evidence valuing separately land, buildings, trees and plants, did not satisfy this burden. Instead of producing evidence as to the value of the land, to be condemned, as a whole and in its then condition, on which a jury might rest its verdict, appellee produced witnesses who estimated: the value of the house in vacuo; the value not of the land as a whole and as it then was but as separate lots into which it was suppositiously divided; the value of the bulbs not as their presence added to the value of the land as land but as though they were being separately condemned; and then sought by the verdict to conglomerate this mass of unrelated and inharmonious testimony into a consistent whole.

 It is true enough that the counsel for the United States stood by doing nothing to prevent, if they did not add to, the resulting confusion, and that normally a judge may not thus be put in error. Maryland Cas. Co. v. Reid, 5 Cir., 76 F.2d 30. The departures here were so great though, the case went so far out of bounds, and the verdict was in amount so in excess of any of the substantial relevant evidence in the case, as to require the court, though proper objection was not timely made, Idem., to notice and correct the error. In addition, there was error in the matters objected to, receiving evidence of an offer for the property, and plaintiff's testimony to the number of bulbs that had been reported to her. Under all the circumstances, including the excessive verdict, these errors cannot be regarded as harmless and, therefore, nor reversible, within the terms of Sec. 269 of the Judicial Code as amended.[7] Unless, therefore, the appellee

---

[1] Instituted under and in accordance with 40 U.S.C.A. §§ 257, 258, 258a.

[2] United States v. Harrell, 8 Cir., 133 F.2d 504.

[3] Testimony of separate valuations of land, buildings, trees and other plants, rather than the over all market value of the property was taken without caution by the district judge either in the acceptance of the evidence or in the charge. Devou v. City of Cincinnati, 6 Cir., 162 F. 633; Morton B. Timber Co. v. United States, 6 Cir., 91 F.2d 885; United States v. Meyer, 7 Cir., 113 F.2d 387; United States v. Wise, 4 Cir., 131 F.2d 851; Fain v. United States, 6 Cir., 145 F.2d 956; Cf. U. S. v. 3.544 Acres, 3 Cir., 147 F.2d 596.

[4] (1) The reception of evidence as to an offer for the property, Sharp v. United States, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211; Atlantic Coast Line v. United States, 5 Cir., 132 F.2d 959; United States v. Dillman, 5 Cir., 146 F. 2d 572; (2) the testimony of plaintiff, based not on her knowledge but on someone else's estimate, that there were 6000 narcissus bulbs on the property.

[5] McCandless v. United States, 298 U. S. 342, 56 S.Ct. 764, 80 L.Ed. 1205.

[6] United States ex rel. T. V. A. v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390; Westchester County v. United States, 2 Cir., 143 F.2d 688.

[7] Sec. 391, 28 U.S.C.A. provides: " * * * On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or ex-

will consent to a conditional affirmance of the judgment, that is, affirmance conditioned upon remitting it down to $10,000, the amount the United States has paid into court, the judgment must be reversed and the cause remanded.

We recognize that the practice of requiring remittitur in the appellate courts, while almost universal in the states,[8] is not established in federal appellate courts. We see no reason, however, particularly in a condemnation case,[9] why in the interest of saving the time and expense attendant upon a new trial, the practice should not be resorted to. It is well settled by the state courts, on the authority, among others, of Arkansas Valley Land & Cattle Co. v. Mann, 130 U.S. 69, 9 S.Ct. 458, 32 L.Ed. 854, a case of remittitur by a federal trial judge, that the exercise of the power of remittitur does not invade the constitutional right of trial by jury.[10] While Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150, does hold that a trial court cannot raise a verdict by additur, that case, as well as the uniform current of authorities in United States courts, recognizes that, except in those cases where it is made to appear that the verdict was the result of passion and prejudice,[11] the trial judge may conditionally require a remittitur. This is not a case of passion or prejudice on the part of the jury. It is a case merely of their being led through a confused record to a confused result. Taking the evidence as it came in, piecemeal, and, without guide and instruction, left to reach their result by adding together the unrelated pieces of testimony, the jury was misled not by passion and prejudice but by unassisted ignorance into finding the verdict that it did.

Here, by depositing $10,000, the United States has clearly recognized that beyond that amount it does not regard the verdict as excessive. It, therefore, cannot reasonably complain of a remittitur put at that amount. The appellee cannot complain because the legal and relevant evidence will not support a larger recovery and because she is given an option to remit or stand a reversal. Under these circumstances, in the light of the substantial justice rule prevailing as well in the federal, as in the state, courts, the judgment which this court should give is, we think, not one of reversal for trial anew, but one of conditional affirmance requiring a remittitur to the point above which the testimony would not sustain the verdict. Because of the errors attending the trial, the judgment will be affirmed for $10,000, conditioned upon appellee's filing within ten days from this date consent to a remittitur of $3,395. Upon the appellee's failure to file such consent, the judgment will be reversed and the cause remanded for further and not inconsistent proceedings.

---

ceptions which do not affect the substantial rights of the parties."

While Federal appellate courts will not, in a condemnation case any more than in any other case tried to a jury, concern itself with the amount of the verdict where to do so would be to reweigh the evidence, where it is plain, as here, that the verdict is excessive, the court will not ignore errors which, except for the excessiveness, might not have justified reversal. Amendola v. United States, 2 Cir., 17 F.2d 529 at page 530; Alabama G. S. Railroad Co. v. Johnson, 5 Cir., 140 F.2d 968; Sinclair Refining Co. v. Tompkins, 5 Cir., 117 F.2d 596.

[8] 5 C.J.S., Appeal and Error, § 1859. "Affirmance Conditioned on Remission of Part of Recovery. * * * In many jurisdictions it is common practice for an appellate court, in a proper case, to affirm a judgment which is excessive on condition that the party in whose favor the judgment was rendered shall remit a specified sum. (Authorities are cited from 35 states) In the nature of things, such an affirmance is not absolute, but conditional, the prevailing party having the option to accept the reduced amount or to submit to a new trial."

[9] United States v. Kennesaw Mountain, 5 Cir., 99 F.2d 830.

[10] 5 C.J.S., Appeal and Error, § 1859, page 1244; Texas & N. O. R. Co. v. Stevens, Tex.Com.App., 24 S.W.2d 9.

[11] Brabham v. Mississippi, 5 Cir., 96 F.2d 210; Minneapolis, St. P. & S. S. M. R. Co. v. Moquinn, 283 U.S. 520, 51 S. Ct. 501, 75 L.Ed. 1243.