## THOMPSON v. CAMP.

### No. 10362.

Circuit Court of Appeals, Sixth Circuit.

April 23, 1948.

As Modified on Denial of Rehearing June 1, 1948.

Cooper Turner, of Memphis, Tenn. (Canada, Russell & Turner, of Memphis, Tenn., on the brief), for appellant.

Walter P. Armstrong, of Memphis, Tenn. (W. E. Hendrix, R. G. Draper, and Walter P. Armstrong, all of Memphis, Tenn., on the brief), for appellee.

Before HICKS, ALLEN and MILLER, Circuit Judges.

PER CURIAM.

The appellee, suing under the provisions of the Federal Employers' Liability Act, Title 45 U.S.C.A. §§ 51 through 60, recovered a judgment for $35,000 in the District Court as damages for injuries received by her husband Irving Camp while working as a switchman for the St. Louis-San Francisco Railway Company. On appeal this Court reversed. Thompson v. Camp, 6 Cir., 163 F.2d 396. Petitions for certiorari by both appellant and appellee were denied by the Supreme Court on February 9, 1948, 68 S.Ct. 458. Appellee has moved in this Court to limit the issues upon the remand for a new trial to the single issue of the amount of damages recoverable by appellee from appellant.

Appellee's complaint charged that Camp's injuries and resulting death was the proximate result of appellant's negligence in that it failed to furnish Camp a reasonably safe place to work. Appellant denied the al-

leged negligence and pleaded that Camp was guilty of contributory negligence. He also pleaded that the alleged cause of action was barred by a settlement under which Camp in consideration of $500 cash released the appellant from all liability and claims for all injuries, both present and future, which he might have by reason of the accident. Appellee pleaded that the release was obtained by fraud or in any event was the result of a mutual mistake of fact. In the trial below an advisory jury found that the release was not obtained by fraud, but was the result of a mutual mistake of fact, and also found for the appellee in the amount of $35,000, which findings the trial court adopted. This Court upheld the findings that the release was invalid, that the appellant's negligence was the proximate cause of the injury and death, but reversed on the ground that it was prejudicial error on the part of the trial court to refuse to instruct the jury on the question of damages in accordance with appellant's Special Request No. 2. This request would have instructed the jury that in awarding damages it should consider the decedent's health, that all persons do not live to the age of expectancy, the hazardous nature of decedent's occupation, that his earnings might fluctuate and expected contributions therefrom vary or diminish in the future, and that the verdict should not include any amount as contributions which the decedent's children would have received after they attained the age of 21.

◼ In support of the motion appellee contends that the issues of appellant's negligence, proximate causation, and the invalidity of the release have been settled by the trial below and the approval of the findings on those issues by this Court, and that in a new trial a jury should only consider the question of the proper amount of damages. Appellant contends that all of the issues involved in the action should be retried and redetermined by a jury. In spite of the early common law rule to the contrary, it appears now settled that this Court has the authority to limit the issues upon remand to the District Court for a new trial, and that such action does not violate the Seventh Amendment to the U. S. Constitu-

tion. Gasoline Products Co., Inc. v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188; May Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830, 842, 843, and cases cited. See also Empire Fuel Co. v. Lyons, 6 Cir., 257 F. 890, 897; Rule 59, Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c. It is recognized that in exercising this right of limiting the retrial to a single issue where the other issues have previously been properly submitted and determined by a jury, the Court should proceed with caution, with a careful regard to the rights of both parties and only in those cases where it is plain that the error which has crept into one element of the verdict did not in any way affect the determination of any other issue. But when a proper occasion clearly exists, it is in the interest of justice to exercise the power. As stated in Perkins v. Brown, 132 Tenn. 294, at page 302, 177 S.W. 1158, 1160, L.R.A. 1915F, 723, Ann.Cas. 1917A, 124: "If it is to the interest of the state that there be an end to litigation, the courts should not be slow to adopt this rule that looks to the preventing of further contest on phases of litigation or issues already well settled, the saving to litigants the costs incident to the relitigation of such matters, and to the courts the time unnecessarily consumed therein."

◼ In the present case the error causing a reversal of the judgment below had no effect on the determination by the jury of the other issues. It did not consist of evidence which was improperly received. On the contrary, it was an instruction from the Court which the jury should have been allowed to hear, instead of being withheld from it. It dealt solely with the element of damages and the failure to give it had no bearing on the determination of the other issues. If the instruction had been given it might have resulted in a smaller verdict in favor of the appellee, but it is difficult to see how it could have had any other effect.

Appellee's motion that the mandate to be issued by this Court provide that the cause is remanded for a new trial only to determine the amount of damages recoverable by appellee from appellant is accordingly sustained.