**Mary Ruth JOHNSON, Plaintiff,**

v.

**Henry Curtis BOWERS, Defendant.**

**Civ. A. No. 3507.**

United States District Court
E. D. Illinois.

June 3, 1957.

Bernard L. Minton, McLeansboro, Ill., and Ivan A. Elliott, Carmi, Ill., for plaintiff.

Kramer, Campbell, Costello & Wiechert, East St. Louis, Ill., for defendant.

JUERGENS, District Judge.

Plaintiff filed her amended complaint charging the defendant with willful and wanton acts or omissions committed with a conscious indifference to surrounding circumstances and conditions by so driving his automobile, wherein the plaintiff was a passenger, that it left the highway, turned over several times in which the plaintiff was injured. She asked for $20,000 and costs of suit.

The cause was tried to a jury, which under the instructions of the court retired to consider their verdict and did return a verdict for the plaintiff in the sum of $440.

The plaintiff filed her motion for a new trial on the issue of damages and limited to that issue alone.

The court's authority to consider this motion is found in Rule 59 of the Federal Rules of Civil Procedure, 28 U.S. C.A. which provides as follows:

"(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; * * *."

A motion for new trial is addressed to the trial court's discretion, and it is his duty in considering the motion to determine whether or not the verdict was contrary to the weight of the

credible evidence. Here the motion for a new trial is limited to the issue of damages only. This is a personal injury suit and the imponderables arising from cases which present emotional features are always present. In a great number of personal injury cases not only the questions of negligence or willful and wanton misconduct but also the questions of contributory negligence or willful and wanton misconduct on the part of the defendant are presented to the jury. Those questions are questions of fact for the jury and when the jury has brought in its verdict the court is not at liberty to disturb that verdict unless it is clearly against the weight of the credible evidence adduced at the trial.

In cases of this kind where the question of willful and wanton misconduct and the question of willful and wanton misconduct on the part of the defendant are involved, where the jury has returned its verdict, and one party files a motion for a new trial limited solely to the issue and question of damages the court should proceed with caution with a careful regard for the rights of both parties and only in those cases where it is plain that the error, if any, which has crept into one element of the verdict did not in any way affect the determination of any other issue should the court grant the motion. Thompson v. Camp, 6 Cir., 167 F.2d 733.

The plaintiff in her argument states, "The amount of their verdict (the jury's) indicates that they misunderstood the damages portion of the case." Also, "The jury may have misunderstood the court's ruling in requiring plaintiff's counsel to withdraw the blackboard and in directing the jury to disregard the figures they may have seen on it." The court did not "require" plaintiff's counsel to withdraw the blackboard, but the court did advise plaintiff's counsel that there were figures on the blackboard (which were on the blackboard when it was brought into the courtroom) which were not in evidence and that if these figures were shown to the jury that, in the court's opinion, would constitute reversible error. Plaintiff's counsel then voluntarily withdrew the blackboard. In the court's opinion, the jury was intelligent, they saw the witnesses, heard their testimony, they knew what they were doing, and they did what they wanted to do. The court is of the opinion that they were not too far wrong. The court is also of the opinion that there was some doubt as to the liability but that perhaps a little sympathy or emotion entered into this case to the effect that the jury wanted to give the plaintiff some money with which to pay a portion of her doctor and hospital bills, yet they felt that perhaps she herself was at fault in getting into the automobile of her brother when she knew that he had been drinking because she smelled "liquor on his breath" and "he was floundering around as we left the Legion Hall" and "he stumbled once going down the Legion steps." The defendant, when called as a witness, without any hesitation and very willingly testified that he was driving 90 miles an hour and "drinking very heavy." The court has reviewed his trial notes, he heard the testimony, saw the witnesses, noted the manner in which they testified and their demeanor while testifying and feels that it would be grossly unfair in this particular case to submit to a "cold" jury the question of damages only when they would hear no portion of the evidence pertaining to the liability. The new jury would hear the testimony only as to the injuries of the plaintiff, as to the amount of money she expended in trying to be cured of her injuries, and the permanent injuries which she suffered as a result of the accident. They would not have the benefit of the testimony as to the drinking of the defendant, his readiness and willingness to admit it, see the demeanor of the respective parties on the witness stand, observe their conduct, and know of the relationship between the parties.

As said before, they would be a cold jury. They would not have the benefit of the "feel" of the entire case and would be in a position to be swayed through sympathy, pity, and emotions without

having those feelings of sympathy, pity, and emotions tempered by the facts which went on before the occurrence which caused the injury.

[4] The court is of the opinion that the verdict of the jury should not be disturbed.

Therefore, the plaintiff's motion for a new trial limited to the issue of damages only will be denied. It is so ordered.