George TAYLOR, Plaintiff-Appellee,

v.

CANADIAN NATIONAL RAILWAY COMPANY, Defendant-Appellant.

No. 234, Docket 27287.

United States Court of Appeals Second Circuit.

Argued Feb. 16, 1962.

Decided April 3, 1962.

Certiorari Denied June 25, 1962.

See 82 S.Ct. 1585.

1

**2**

H. H. Powers, St. Albans, Vt., for defendant-appellant.

C. O. Granai, Barre, Vt., for plaintiff-appellee.

Before CLARK, SMITH and MARSHALL, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

After trial to the jury under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., in the District Court for the District of Vermont, Ernest W. Gibson, Judge, and the return of a $70,000 plaintiff's verdict, a motion for new trial was denied on condition of a remittitur of $20,000, which was filed, and judgment entered.

Defendant appeals on four grounds, (1) that the jury was influenced by passion and prejudice and that therefore a new trial rather than remittitur was required, (2) the refusal of a "real evidence" charge, (3) a charge on the failure to call a witness who was in court, and (4) excessiveness of the verdict as reduced by the remittitur.

We find no error and affirm the judgment as reduced by the remittitur.

■ Taylor, a classified laborer in the employ of defendant, was working at its Island Pond, Vermont roundhouse as a member of a three man crew replacing pipes when injured August 21, 1958. While moving a portable work platform he was struck on the forehead by a falling ball-peen hammer. Both the manner of the happening and the extent of the injuries were in dispute before the jury. Taking the version of the evidence most favorable to the plaintiff-appellee (as we must), the jury could have found that one Wing, a fellow employee, was on the top of the platform, in violation of regulations, while it was being moved, and negligently dropped or dislodged the hammer which struck and injured Taylor. This is sufficient to sustain the finding of liability.

## I.

■ The principal attack on the judgment here is based on a statement in the order conditionally denying defendant's motion for new trial, to the effect that the conduct of some fellow employees of the plaintiff as witnesses very apparently infuriated the jury and helped produce the size of the verdict. A verdict based on appeals to passion and prejudice cannot stand. Minneapolis, etc. Ry. Co. v. Moquin, 283 U.S. 520, 51 S.Ct. 501, 75 L.Ed. 1243 (1931). The court, however, based its determination that the verdict was excessive on the age of the plaintiff and not on any appeals to or prejudice on the part of the jury. Indeed, had a finding of passion and prejudice been made, it would have been clearly erroneous because without support in the record here. There is here no claim that counsel in argument made any improper appeal. The surmise of the court as to the jury's feelings seems pure speculation reflecting the court's own reaction to testimony, with no basis for a conclusion that the jury felt as the judge here did. The jury may as well have dispassionately made an excessive estimate of the work expectancy of this individual plaintiff had the accident not occurred.

## II.

■ The requested charge on "real evidence" was as follows:

"DEFENDANT'S REQUESTS TO CHARGE

"Defendant, Canadian National Railway Company, respectfully requests the Court to charge the jury as follows:

"1. The Defendant claims, among other things, that the Plaintiff was negligent in the way he handled the movable platform and that the Plaintiff's negligence was the sole proximate cause of the accident. In support of that claim, the Defendant has

introduced a scale model of the movable platform and has made certain claims about the manner in which it was operated by the Plaintiff. This evidence is called real evidence which is known as evidence of physical facts.

"If you find, and the decision is yours to make, that the model which was introduced in evidence is an accurate representation of the movable platform involved in the accident, and if you find that it is properly drawn to scale, and if you find that those facts are not disputed, then you have an example of the type of evidence which we call physical facts.

"If you find the physical facts to be undisputed with respect to the construction and operation of this movable platform, that evidence takes precedence over any oral testimony which contradicts it. To state the matter differently, the physical facts, once established and not disputed, will control the evidence on the question which you find these physical facts have proved."

It was apparently requested on defendant's theory that if Taylor lifted the front legs of the platform an object on top of the platform could only slide away from him. Vermont has a rule that undisputed physical facts may control over contrary testimony. We may assume *arguendo* that the rule under this Federal Act is the same. The difficulty with the theory here is that there is no undisputed testimony that the hammer lay flat on the platform and not in Wing's hand, or balanced on the forward edge. The instruction sought, while perhaps correct in the abstract, is too general and vague to be helpful to the jury on the evidence before it in this case, and was properly refused.

### III.

■■ Defendant's Claims Agent, F. W. Smith, had taken statements of plaintiff, repudiated in some respects by plaintiff on the stand. In its instructions on credibility, the court referred to the fact that Smith, although present in court, had not been called to the stand. The charge was plainly correct. Plaintiff's credibility was under attack because of differences between his testimony on the stand and earlier statements purportedly taken down by Smith. Plaintiff testified that some of the material in the statements had been added after he had signed them. Smith, defendant's employee, was in the usual meaning of the term, a witness in defendant's control, and was available to contradict plaintiff. Whether any matter had been added was peculiarly in Smith's knowledge. An inference favorable to Taylor's credibility was permissible from defendant's failure to call Smith to the stand. State of Vermont v. Levine, 117 Vt. 320, 326, 91 A.2d 678. 2 Wigmore, Evidence, §§ 285–290 (3rd ed. 1940).

### IV.

■ We turn to the review of the amount of the award, which appellant claims is still so excessive as to require reversal. Assuming *arguendo* that the question is reviewable, compare Dagnello v. Long Island R. R. Co., 289 F.2d 797 (2 Cir. 1961) with Maher v. Isthmian Steamship Co., 253 F.2d 414 (2 Cir. 1958), we do not think the award so "monstrous," Affolder v. New York, C. & St. L. R. R. Co., 339 U.S. 96, 101, 70 S.Ct. 509, 94 L. Ed. 683 (1950), as to amount to an abuse of discretion. Plaintiff was 62 at the time of the accident. The jury could have found that he suffered a fracture of the skull and some neurological damage, involving a lessening of function of his olfactory senses and recurrent severe headaches, with permanent inability to perform heavy labor. Medical bills were approximately $1150. Taylor's average earnings were some four thousand dollars a year. The life expectancy of a man his age at the time of the injury was approximately 13 years. He had enjoyed good health up to the time of the injury. At the argument on the motion for new trial counsel for defendant placed the outside limits of economic loss at about $33,150. On this calculation, there would remain after the remittitur an approximate ad-

ditional award for pain and suffering and physical impairment of $16,850. This is not so great as to exceed a fair recovery for the injuries suffered, let alone so high as to shock the conscience of the court. Compare Dagnello v. Long Island R. R. Co., supra; Dellaripa.v. New York, N. H. & H. R. R. Co., 257 F.2d 733 (2 Cir. 1958).

The judgment is affirmed.