**Mrs. Carrie WAGNER, Plaintiff,**

v.

**BURLINGTON INDUSTRIES, INC.,
d/b/a Volunteer Textiles,
Defendant.**

**Civ. A. No. 2245.**

United States District Court
E. D. Tennessee,
Northeastern Division.

May 19, 1969.

See also D. C., 288 F.Supp. 176.

David Haynes, Bristol, Tenn., Jimmy Gray Cutshaw, Greeneville, Tenn., for plaintiff.

Ernest Smith, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441(a), diversity action, 28 U.S.C. § 1332(a) (1), for personal injuries and property damages claimed by the plaintiff to have proximately resulted from the defendant's maintenance of a nuisance on its premises. The jury determined factually, see Caldwell v. Knox Concrete Products, C.A.Tenn. (1964), 54 Tenn. App. 393, 406(15), 391 S.W.2d 5, certiorari denied (1965), that the defendant maintained a temporary nuisance on its

premises; that the plaintiff Mrs. Wagner sustained *no personal injuries*, T.C. A. § 28–304, proximately resulting therefrom; and that she was damaged to the extent of $6,400 therefrom in the use and enjoyment of her residential real estate.

The defendant, which had moved for and was denied a directed verdict at the close of all the evidence, interposed a timely motion to set aside the verdict of the jury and judgment thereon and for a judgment in accordance with its motion for a directed verdict, Rule 50(b), Federal Rules of Civil Procedure, or in the alternative, for a new trial, Rules 59(a), (b), Federal Rules of Civil Procedure. This motion has merit as regards only the money award made to the plaintiff.

The Court had instructed the jury that, in determining the amount of any money award to Mrs. Wagner for damages to her property, the fair and reasonable rental value of her premises was not the only damage they might find the plaintiff had sustained from any temporary nuisance maintained on its premises by the defendant, but that this was the *greatest single* measure of damages awardable therefor. The damage to her property proved by Mrs. Wagner as to any measure, except its rental value, was minimal; thus, it must be assumed from the amount of the aggregate damages the jury found that the plaintiff had sustained, that the jurors accepted the opinion testimony of the witness Mr. Charles Jessee that, in its present condition, Mrs. Wagner's dwelling premises had no rental value (or, at most, a value of $25 per month), and with all the cracks and separations of the members of the building repaired, that a fair and reasonable rental value thereof was $80 a month.

The jurors were instructed further that they could award Mrs. Wagner an amount for damages to her property only for the period of three years immediately preceding June 25, 1968. Assuming that the jury found that the plaintiff's property had then no rental value but would have had a rental value of $80 each month without the damage inflicted upon it, the largest single item of property damage possible to be found would have been $2,880; and, assuming *arguendo* but not deciding, that all other items of damage thereto had aggregated one cent less than the largest single item, had the jurors followed the instructions of the Court, their verdict could not have exceeded $5,759.99. Yet, the award of the jury was for $6,400.

The paramount concern of the Court in this situation is whether a remittitur of $2,620 should be herein suggested as a matter of law, because of the obvious gross excessiveness of the jury's award, Grunenthal v. Long Island R. Co. (1968) 393 U.S. 156, 159, 89 S.Ct. 331, 21 L. Ed.2d 309, 313, or whether the award and the consequent judgment thereon should be set aside and a new trial granted on the issue of property damage, because the greatly excessive damages awarded without support in the evidence indicate that the jurors recklessly disregarded the Court's instructions.

Suspicion has been cast upon the conduct of the jury and its finding of damages herein. We have a classic example of a claim by a widowed woman for damages caused in the routine business functions of a rather large corporation. That the jurors followed the instructions of the Court in their findings that the defendant maintained a temporary nuisance on its premises and that Mrs. Wagner sustained no personal injury therefrom, is apparent from the support of such findings, directly or by reasonable inference, in the evidence adduced. A federal judge in Tennessee does not sit as the 13th juror, and where there is substantial evidence to support these parts of the verdict, as here, those parts of the jury's verdict must stand, even if the Court might have voted differently, if were such his prerogative. Werthan Bag Corporation v. Agnew, C.A.6th (1953) 202 F.2d 119, 122[3].

The power of this Court to grant a new trial on this issue on the ground that the award of damages is excessive is clear. Mooney v. Henderson Portion Pack Co., C.A.6th (1964), 339 F.2d 64, 65[3]. The award of the jury of damages is subject to interference by the trial judge, where it is so excessive as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury. Hoskins v. Blalock, C.A.6th (1967), 384 F.2d 169, 171[4]. Although the excess dollars awarded herein are minimal, the unsupported percentage under the Court's instructions is great. The Court has carefully reviewed its instructions to the jury on the damage issue (as it always does when surprised to this extent by the award of a jury). The law governing this action in that respect appears to have been stated clearly and understandably. The award of this jury under those instructions of damages, excessive and without support as to amount in the evidence, indicates that the jurors were either influenced by prejudice in favor of the plaintiff and against the defendant, or that they acted in reckless disregard of those instructions, or both. Such influence or disregard appearing to have been operable herein, the jury's verdict as to damages must be rejected, see Arkansas Valley Land and Cattle Co. v. Mann (1889), 130 U.S. 69, 9 S.Ct. 458, 32 L.Ed. 854, 856, and a new trial awarded the defendant on the issue of property damages.

The operation of high-speed textile looms by the defendant on its premises is reasonably analogous to the contamination of the air and the consequent injuring of property by the operation of a smelting works. A judgment for damages in these classes of nuisances is a matter of absolute right, dependent only upon the showing of resulting injury and not upon a showing of the operation of the facility involved with care and skill. Signal Mountain Portland Cement Company v. Brown, C. A.6th (1944), 141 F.2d 471, 475[3]. Wrong cannot be licensed, permitting a wrongdoer to appropriate to its own use the property of another. Ibid., 141 F.2d at 476[4]. Thus, there is no merit to the other arguments advanced by the defendant in its motions.

A proper order will be entered.