Lelia I. DEAN, Plaintiff,

v.

MITCHUM–THAYER, INC., etc., et al., Defendants.

No. CIV–2–76–107.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Memorandum Opinion and Order
Feb. 9, 1978.

On Motion to Reinstate Verdict
Feb. 27, 1978.

On Motion Pertaining to Voir Dire
March 6, 1978.

Thomas McKinney, Jr., and Thomas D. Dossett, Kingsport, Tenn., Sidney W. Gilreath, and Robert E. Pryor, Knoxville, Tenn., for plaintiff.

Louis C. Woolf and Rodger B. Kesley, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The jury herein returned a verdict for the plaintiff Mrs. Lelia I. Dean and against the defendant Revlon, Inc.[1] and awarded her compensatory damages of $500,000 and punitive damages of $1,000,000. The defendant moved timely posttrial to have the verdict and the judgment entered thereon herein set aside and to have judgment entered in accordance with its motion for a directed verdict, Rule 50(b), Federal Rules of Civil Procedure, or, in the alternative, for a new trial, *idem.*; Rules 59(a), (b), Federal Rules of Civil Procedure. The Court deems it necessary to discuss only the new-trial aspect thereof and DENIES the defendant's request for an oral hearing, local Rule 12(c).

At time of trial, Mrs. Dean was 84 years of age and had a life expectancy of 8.3 years. She had a medical history of multiple physical ailments as well as a personal history of marital disturbance. The evidence established preponderately that she received mercury poisoning from her use of "Esoterica", a cosmetic skin cream manufactured and sold by Revlon, Inc.

The comparative postures of these parties presented a situation rife with the potential that the jury might allow sympathy for her

---

1. It is stipulated that, for the purposes of any judgment herein only, the defendant Revlon, Inc. is "the defendant" although not the only defendant sued.

experience at the hands of the very large defending corporation to insinuate itself to a considerable degree into the deliberations of the jurors in the awarding of damages, if the defendant's liability were adjudged by them. The Court undertook to safeguard against the fruition of this potential with direct admonishing instructions to the jury. Yet, the appeal of Mrs. Dean for the jury to act compassionately toward her [2] in the award of damages herein appears to have manifested itself nonetheless. In this situation, the appeal of her counsel to passion and prejudice against the defendant could be, and was, extremely subtle.

Although this is an action in which this Court's jurisdiction is found in the diverse citizenships of the parties and the requisite jurisdiction amount, 28 U.S.C. §§ 1332(a)(1), (c), the consideration of the gross excessiveness of the jury's award cannot find its predicate in Tennessee appellate decisions, in which the trial judge of Tennessee is an additional juror and must be satisfied that a jury's verdict and award are appropriate under the circumstances. See *Werthan Bag Corp. v. Agnew*, C.A. 6th (1953), 202 F.2d 119, 122[3]. " * * * In federal court, a jury's award will not be reduced as excessive unless it is beyond the maximum that the jury could reasonably find to be compensatory for a party's loss. * * * " *Jones v. Wittenberg University*, C.A. 6th (1976), 534 F.2d 1203, 1212[22].

■ In this Court's calm and considered opinion, $500,000 is well beyond the maximum that the jury could have found reasonably as compensatory of Mrs. Dean's loss.[3] As the late Mr. Justice Clark once observed:

> * * * [T]he amount of damages which may be recovered depends upon evidence as to the severity of the resulting harm. This is salutary principle. * * * If the amount of damages is excessive, it is the duty of the trial judge to require a remittitur or a new trial. * * *

*Linn v. United Plant Guard Wkrs. of Amer., Loc. 114* (1966), 383 U.S. 53, 65–66, 86 S.Ct. 657, 664[20], 15 L.Ed.2d 582. The fact that the jury, in its collective discretion, found it appropriate to award punitive, as well as compensatory, damages against the defendant does not alter that duty.

> " * * * [A] verdict based on jury prejudice cannot be sustained even when punitive damages are warranted. * * * "

(Per Mr. Justice Harlan and three Justices concurring and the Chief Justice concurring in the result.) *Curtis Publishing Co. v. Butts* (1967), 388 U.S. 130, 160, 87 S.Ct. 1975, 1994, 18 L.Ed.2d 1094, rehearing denied (1967), 389 U.S. 889, 88 S.Ct. 11, 19 L.Ed.2d 197, citing *Minneapolis, St. P. & S. S. M. Ry. Co. v. Moquin* (1931), 283 U.S. 520, 51 S.Ct. 501, 75 L.Ed. 1243. In the latter decision, it was said:

> * * * * * *

> [N]o verdict can be permitted to stand which is found to any degree the result of appeals to passion and prejudice. Obviously such means may be quite as effective to beget a wholly wrong verdict as to produce an excessive one. A litigant gaining a verdict thereby will not be permitted the benefit of calculation, which can be little better than speculation, as to the extent of the wrong inflicted upon his [or her] opponent. * * *

*Ibid.*, 283 U.S. at 521–522, 51 S.Ct. at 502, cited by this Court in *Bell v. Cincinnati, New Orleans and Texas Pacific Ry. Co.*, D.C.Tenn. (1962), 205 F.Supp. 781, 785[6].

The Court has concluded accordingly that a remittitur will not cure the jury's error herein, and that a new trial must be ordered to prevent a manifest injustice. *Idem.; Wagner v. Burlington Industries, Inc.*, D.C.Tenn. (1969), 47 F.R.D. 146, 148[1], [2], [3]; *Kilgore v. Greyhound Corp., South-*

---

**2.** Mrs. Dean represented herself in her testimony as one who sought and received Divine guidance in discovering the source of the mercury poisoning infecting her body.

**3.** In so far as this Court is advised, counsel did not heed its memorandum to counsel of December 14, 1977 suggesting that a settlement of damages "with a much higher degree of realism than that represented by the awards of the jury" be contemplated.

*ern Greyhound Lines,* D.C.Tenn. (1962), 30 F.R.D. 385[3]. However, the Court also finds and concludes that the issue of liability has been determined herein in a manner which was eminently correct, and that the issue of damages is so distinct and separable from the issue of liability that such new trial may be had as to damages only without the risk of injury as to either party. See *Gasoline Products Co. v. Champlin Refining Co.* (1931), 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188, 1191 (headnote 4); *Thompson v. Camp,* C.A. 6th (1948), 167 F.2d 733, 734[2].

Therefore, it hereby is

ORDERED that the defendant's motion for a new trial is granted to such extent, and the clerk will assign dates for a new trial herein only on the issue of the plaintiff's damages.

## ON MOTION TO REINSTATE VERDICT

The plaintiff moved the Court to reinstate the verdict of the jury herein, or alternatively, " * * * to order a remittitur respecting compensatory damages. * * * " The motion lacks merit and hereby is

DENIED.

The Court has already determined that the verdict herein of the jury as to the damages awarded Mrs. Dean was excessive; that " * * * a remittitur will not cure the jury's error herein; * * * " and that the defendant is entitled to a new trial only on the issues of damages. Memorandum opinion and order herein of February 9, 1978. The present motion does not convince the Court otherwise.

The defendant filed herein a "petition to reconsider" the Court's granting it a new trial only on the issue of damages and urged the Court to grant a new trial also on the issue of its liability. The Court found and concluded previously that the issue of liability has been determined herein in a manner which was eminently correct, and that the issue of damages is so distinct and separable from the issue of liability that a new trial may be had as to damages only without the risk of injury as to either party. Memorandum opinion and order herein of February 9, 1978. Therefore, the defendant is not entitled to a new trial on the issue of liability as well as damages. See *Gasoline Products Co. v. Champlin Refining Co.* (1931), 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188, 1191 (headnote 4); *Great Coast. Exp., Inc. v. Internat'l Bro. of Team., Etc.,* C.A. 4th (1975), 511 F.2d 839, 847–848[7], certiorari denied (1976), 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 799; *Thompson v. Camp,* C.A. 6th (1948), 167 F.2d 733, 734[2]. The defendant's motion hereby is

DENIED.

The plaintiff moved the Court to shorten the time within which the defendant is required to serve its written objections or answers to her requests for admissions served upon it on February 27, 1978. Rule 36(a), Federal Rules of Civil Procedure. The time for completion of discovery herein having expired on November 11, 1977 and neither party hereto having requested and been granted an extension thereof, the aforementioned requests for admissions are untimely and for such reason the plaintiff's motion hereby is

DENIED.

## ON MOTION PERTAINING TO VOIR DIRE

The defendant moved the Court to either voir dire the jury itself, or to permit counsel for the defendant to do so, with respect to their possible knowledge as to the first trial hereof and the amount of damages awarded thereat. Such motion hereby is GRANTED to a minimal extent.

The Court intends to interrogate fully the members of the proposed jury panel concerning any knowledge they may have as to the first trial of this action. Thereafter, if counsel for the defendant feels that additional interrogation in this regard is necessary, he should so advise the Court in writing what specific further inquiry he deems advisable. The Court will then decide whether such should be permitted.

**4**

Counsel herein hereby are ORDERED not to inform, nor convey in any manner, prior to or during the course of the retrial hereof, to any member of the potential jury panel, or to any impaneled member of the jury, any of the following:

(1) the amount of damages awarded at the first trial hereof, or the fact that damages were awarded;

(2) that the jury at such first trial awarded punitive damages;

(3) that the verdict of the jury at such trial was felt by the Court to have been excessive; or,

(4) that a new trial as to the issue of damages was ordered.

Rules 401, 402, 403, Federal Rules of Evidence; *Stengel v. Belcher*, C.A. 6th (1975), 522 F.2d 438, 444[16]; certiorari granted (1976), 425 U.S. 910, 96 S.Ct. 1505, 47 L.Ed.2d 760, certiorari dismissed (1976), 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed.2d 269. Counsel will advise their clients, witnesses, associates, and all other persons connected with their respective sides of this lawsuit of such ruling, and will take all appropriate precautions to insure that any such matters are not conveyed to the jury, directly or indirectly.

The motion of the defendant to limit the testimony of the plaintiff and her witnesses so as to preclude any testimony that Mrs. Dean had sought and received Divine guidance in discovering the source of her mercury poisoning hereby is GRANTED. *Idem.* The plaintiff, her counsel, and her witnesses hereby are ORDERED not to mention the foregoing.

The exception of the defendant to the second pretrial order herein hereby is ALLOWED, in so far as it pertains to its proposed additional 4 witnesses. The Court will consider the proposed additional exhibit of the defendant and those of the plaintiff on the day of the commencement of the retrial hereof. Such respective exceptions to the pretrial order are held under advisement.

The plaintiff gave the defendant notice on March 2, 1978 of her intention to take the deposition of certain individuals on March 7, 8, 1978 in Fort Myers, Florida, Washington, D. C., and Reston, Virginia. The defendant objected immediately to such notices and moved the Court to quash the same.

Retrial of this action on the issue of damages is assigned to commence on March 9, 1978. Based upon this fact and the representations of counsel for the defendant in his affidavit submitted in support of the foregoing motion, the notices given by the plaintiff were patently unreasonable, improper, and invalid. See *Lloyd v. Cessna Aircraft Co.*, D.C.Tenn. (1976), 430 F.Supp. 25, 26[2]. For good cause thus shown, the Court hereby

ORDERS that the aforementioned notices hereby are QUASHED, Rule 26(c)(1), Federal Rules of Civil Procedure. *Idem.*